## The People v. Sophie Lyons.

*Criminal evidence—Statements by third persons—Memoranda—Instruction as to credibility..*

Statements made in respondent's absence by a person not charged as an accomplice, are inadmissible in aid of the prosecution.

Memoranda used by a witness for the prosecution should be open to the examination of respondent's counsel so far as necessary to expose falsehood and arrive at the facts; and this may be so even though the witness testifies that entries on other pages have nothing to do with the case.

A. called at an express office for a package addressed to B. and containing a watch alleged to have been stolen by C. *Held*, that on the prosecution of C. for the larceny it was proper for the defence to question A. as to directions left with A. by B. for receiving mail and express matter addressed to B.

A witness for a respondent charged with larceny cannot be cross-examined to show that the respondent had stolen other property, or that property pawned by witness for respondent was stolen. But intimacy between witness and respondent may be shown as tending to affect the witness' credibility, and it is proper to show that witness had pawned things for respondent.

The failure of a witness for the defense to prove the existence of a third person cannot properly be used as an argument by the prosecution; though if the existence of such person is material to the defence the failure of the defence to show it, is a proper subject of comment.

A witness has no power to produce corroborating testimony, and his failure to do so cannot be used against the party for whom he testifies.

It is error for a judge to tell the jury that if he were in their place he should give no weight to the testimony of a certain witness and very little to that of another; and the error is not cured by his saying that they are sole judges of what the evidence is and of the weight of the testimony of every witness and that it did not belong to him to say to them that they must or must not believe it.

Error to Washtenaw. Submitted June 20. Decided Oct. 4.

INFORMATION for larceny. Respondent brings error. Reversed. The information was for the larceny of a gold

watch and chain from the person of a Mrs. Herrick Cornwell on the fair ground at Ann Arbor. The watch was at once forwarded to Detroit in a package addressed to Mrs. Sarah Smith, and was delivered next day by the express company to the chief of police. It was meantime called for by Mrs. Sarah Brew, who presented the receipt for it. A few days later the police department returned the watch, formally searched for it and retook possession, and two policemen took it to respondent's residence.

*Jesse D. Williams*, one of the policemen, testified that he and officer Webb obtained the package at the express office and took it to Mrs. Lyons' house, where he saw Mrs. Brew, to whom he said "I have a package here for Mrs. Sarah Smith; does she live here?" Mrs. Brew said she did and that she was the person. Williams asked her for her express receipt and she gave it to him. He told her he should keep the receipt and the package,—it was stolen property. He also asked her if Mrs. Lyons was at home and Mrs. Brew said she was not. He testified that when he told her it was stolen property and he should keep it, she was considerably excited.

*Mrs. Theresa Lewis*, a witness for the prosecution, testified that Mrs. Brew was living in Mrs. Lyons' house, and sometimes said she was Mrs. Lyons' house-keeper, and sometimes that Mrs. Lyons was boarding with her. The witness had gone to Mrs. Lyons' house on the day after the watch was stolen, and as she went up the street she saw Mrs. Brew standing in the door and beckoning to her; Mrs. Brew said "the madame has been stealing again." This testimony was objected to, but the prosecution claimed that it was admissible on the ground that Mrs. Brew was an accomplice. The court ruled that whatever was shown to have been said by Mrs. Brew about the matter was proper testimony. The witness went on to testify that Mrs. Brew produced a letter in Mrs. Lyons' handwriting and asked her to read it, and that it read as follows: " Sarah, go to the express office and get the watch and chain and put it in my box. Don't let any one see it. SOPHIE." She then asked Mrs. Lewis to

stay and take care of her little girl, which Mrs. Lewis did while Mrs. Brew went to the express office. When Mrs. Brew came back she said, " I'll never go to that express office again; I was never so mortified in my life. When I went in they all looked at me. I showed them the receipt. I have been there so many times before this." This witness, while giving her testimony, referred to a memorandum, and on her cross-examination respondent's counsel asked permission to examine it. The witness objected and the court said, " I don't think you are at liberty to look over this book or any other private memorandum of her affairs." The court finally limited the examination to certain pages, the witness denying that there was anything relating to the case upon certain other pages which counsel asked leave to look at.

*Mrs. Sarah Brew*, being sworn for defendant, testified that she knew a Mrs. Sarah Smith who resided in Chicago and had occupied rooms at her house shortly before Mrs. Lewis came there. She was asked if Mrs. Smith, after going away, had left any directions with her as to getting her mail. This question was objected to by the prosecution and was ruled out. An offer to show instructions to the witness given by Mrs. Smith, when leaving the house, to get such packages as might come by mail or express for her, and that what she had done with reference to the package containing the watch was done under these instructions, was also overruled. On cross-examination Mrs. Brew testified that letters addressed to Mrs. Smith and enclosed in envelopes addressed to herself, sometimes came to her and that she forwarded them to Chicago, but that she did not know Mrs. Smith's address by street or number, or even that she was in Chicago, or where she was. Nor did she know why the letters were not sent to Mrs. Smith directly, by the writer.

*John F. Lawrence* and *John Atkinson* for appellant.

Attorney General *Jacob J. Van Riper* for the People.

MARSTON, J. The respondent was prosecuted for the larceny of a watch, and on trial was convicted. The case comes here on writ of error after judgment.

The statements made by Mrs. Brew when the respondent was not present, should not have been admitted as evidence in behalf of the prosecution. The general rule rejecting such evidence is not questioned, and this case does not come within any recognized exception.

Counsel should have been permitted to examine the book which Mrs. Lewis used when on the stand for the purpose of fixing dates and to refresh her recollection from entries therein made by her. The statement of the witness that entries made on other pages had no reference to the matter in issue, might be true and still they would tend to show the entries relied upon to be false. Every reasonable opportunity, within well-settled legal rules, should be given counsel to expose falsehood or ascertain the truth.

The questions asked Mrs. Brew as to the directions given her by Sarah Smith, concerning the receiving of mail matter and express packages for the latter, should have been received. In so far as the prosecution sought to show, by the cross-examination of this witness, that the respondent had stolen other property, or that the property pawned by the witness for the respondent was stolen property, error was committed. While it is competent on cross-examination of a witness to show that her testimony is likely to be affected and influenced because of the intimate relations existing between her and the accused, yet the examination must not be permitted to go beyond this, and under the guise of affecting the credibility of the witness, attempt to prove that the party on trial has committed other similar offenses. Whether the witness had on other occasions pawned other property for the respondent was proper, but it was not proper to inquire whether such property had been stolen.

No legitimate argument could have been made in the case against the respondent because of Mrs. Brew's failure to show that such a person as Mrs. Sarah Smith existed. If the actual existence of such a person was material to the defense, and was not proven, that fact was the proper sub-

49 MICH.—6

ject of comment, but not that one of the witnesses for the accused had failed to call others to corroborate her. This she could not do.

In charging the jury as to the weight of the testimony of certain witnesses, and illustrating the same by a story of an impossible occurrence, the court said : " There is some testimony that you are no more bound to believe than I was to believe that. In this case I feel it my duty to say to you that you are sole judges of what the evidence is in this case. It does not belong to me to say to you that you must or must not believe it. I repeat, you are the sole judges of the weight of the testimony of every witness, who has been sworn in this case, but I claim the right to say to you, and therefore I do it, that were I in your situation I should give no weight to the testimony of Robert McKinney, in this case, and very little to that of Mrs. Brew."

Now while it may be highly probable that the testimony of these witnesses was in fact entitled to no consideration by the jury, yet the weight to be given to it was for the jury and not for the court. And while true it is that the court carefully and pointedly charged the jury that they were the sole judges of what the evidence was and the weight to be given it, yet this did not in my opinion justify what followed. It is well known in practice that the opinion of the trial judge has very great weight with the jury, and very properly so, and for this reason, so much more careful should the court be, to not assume a part of their province. Standing alone, what the learned judge said he would do if in the situation of the jury, would be clearly unwarranted and could not be sustained, and what preceded it does not take away or destroy its prejudicial effect. If it did, as well might the jury be dispensed with, as it would be but seldom indeed jurors could be obtained with sufficient strength of character to impartially weigh the testimony under such instructions. I think the charge in this case goes farther than what the opinion of this Court in *Sheahan* v. *Barry* 27 Mich. 226 would justify, and for my own

part I am not willing to extend the privilege, if such it can be called, beyond what was said in that case.

The judgment should be reversed and a new trial ordered.

The other Justices concurred.