DAVID THOMAS v. THE CHICAGO & GRAND TRUNK
RAILWAY COMPANY.

*Negligence—Railroad companies—Injury at crossing.*

Plaintiff was injured by defendant's engine at a highway crossing,
and recovered a judgment, which is reversed, Chief Justice
CHAMPLIN holding that the case should have been submitted to
the jury, under all of the facts and circumstances, for them
to say, under all of the testimony in the case, whether or not
the defendant was negligent, and whether plaintiff materially
contributed to the injury by his own negligence. GRANT, J.,
concurred in the result reached by the Chief Justice. MORSE,
J., filed an opinion, concurred in by McGRATH, J., concurring
in a reversal, and holding that if the defendant ran the engine
at a dangerous rate of speed without giving the statutory sig-
nals before reaching the crossing, and without a sufficient
headlight, it was guilty of such gross negligence as entitles the
plaintiff to recover; and that, if defendant was not so negli-
gent, plaintiff could not recover, because of his want of care
in failing to look and listen, and in not having his team in
such a state, as to driving, that he could stop them at once, if
necessary.

Error to Calhoun. (Hooker, J.) Argued February 13,
1891. Decided July 28, 1891.

Negligence case. Defendant brings error. Reversed.
The facts are stated in the opinion.

*Geer & Williams,* for appellant.

*James M. Powers (George Huggett,* of counsel), for
plaintiff.

[The points of counsel are stated in the opinions.—
REPORTER.]

CHAMPLIN, C. J. This action is brought to recover

damages alleged to have been caused by defendant's negligence in running an engine over its road across a highway, and colliding with the plaintiff's wagon, by which he was thrown out and injured.

The case was tried in the court below before a jury, and under the charge of the court the plaintiff had judgment, and the defendant brings the case into this Court by writ of error. Eighteen errors are assigned, four of which relate to the rulings of the court upon the examination of witnesses.

The first error assigned is that the court erred in permitting plaintiff's witness E. M. Hoyt to answer the following question: "Do you think you are sufficiently acquainted with the running of trains to be able to judge the rate of speed?" and in overruling the objection of defendant thereto.

The witness Hoyt testified that he saw the engine pass through the village on the evening of the accident; that he had lived within eight or nine rods of the railroad track for eight years, and had frequently observed trains running by. He further stated that he was "acquainted with the running of trains only just by them saying how fast they would run, and such like." The question excepted to was then asked. The objection was stated to be that "he says he only knows the rate by what others may have said to him about it." The court directed the witness to answer. The witness answered, "I think I could tell pretty near what rate they was running. I think it was running along about 50 or 60 miles an hour." The witness gave the grounds upon which he based his estimate, which were his observing the movement of the trains as they passed by his place for several years, and the speed at which others said they were running. The jury were enabled to weigh the testimony

86 MICH.—32.

given by the witness from the grounds upon which he based his estimate.

It was said in *Detroit & Milwaukee R. R. Co. v. Van Steinburg*, 17 Mich. 104, that—

"Any intelligent man who has been accustomed to observe moving objects would be able to express an opinion of some value upon it the first time he ever saw a train in motion. The opinion might not be so accurate and reliable as that of one who had been accustomed to observe, with time-piece in hand, the motion of an object of such size and momentum, but this would only go to the weight of the testimony, and not to its admissibility."

We think the testimony was admissible, and its weight was for the jury.

The second exception is of like character as the first, and we think the testimony given by the witness Holden was admissible. He stated, "I have timed them lots of times."

The third assignment of error relates to a question asked of Dr. Erastus Berry on his cross-examination, viz., "Did you at that time hear him say anything as to having seen the engine before it struck him?" This question was objected to by plaintiff's counsel as improper cross-examination. Defendant's counsel then added to the question, "If so, what did he say about that?" The court sustained the objection, and the defendant's counsel excepted. The question has reference to admissions or statements made by the plaintiff in the suit upon the evening after the accident, and the testimony should have been admitted.

The fourth assignment of error was based upon the testimony offered by the plaintiff showing the condition of the crossing at the time of the accident, which tended to show that the approaches to the crossing were

not in a safe condition. We think there was no error in admitting this testimony.

The other errors relate to the refusal of the court to charge as requested by counsel for the defendant, and in charging the court upon his own motion.

The first request to charge was as follows:

" This being a country crossing, the question of speed is not material."

In all cases where negligence is alleged on the part of the defendant, it is necessary and proper to take into consideration all of the circumstances respecting the transaction, in order to ascertain whether the party alleged to have been guilty of negligence omitted to discharge some duty imposed upon him by the circumstances surrounding the transaction. This request was therefore properly refused, because the question of speed might be material in considering defendant's negligence, according as the circumstances might show that there was some neglect of duty on the part of the defendant in which the question of speed formed a material part; as, for instance, if the defendant failed to observe the requirements of the statute in giving signals when approaching the crossing, or approached such crossing without a headlight burning, the question of speed at which it passed that point would be a material fact in determining the defendant's negligence.

Another request of the defendant is as follows:

" That negligence is not to be presumed, but must be affirmatively proven by the party alleging it, and in the manner alleged in the declaration in the case. And in this case the burden of proof is upon the plaintiff to show that the defendant is -entirely responsible for the injury complained of, by reason of and in consequence of the neglect charged in the declaration, and that the plaintiff did not contribute towards it."

This request may be considered in connection with the

charge actually given by the circuit judge, in which he instructed the jury as follows:

"If any railroad company, through its own carlessness or negligence, runs a train without a headlight, it is liable for the consequences, because it is gross carelessness; and they can only be relieved from it in a case where there is gross carelessness on the part of the other party, which does not appear in this case."

And again he instructed the jury:

"If, by a preponderance of proof, you are satisfied that there was no headlight, then I instruct you that the plaintiff is entitled to recover."

And again:

"If there was no headlight upon the engine, then your verdict will have to be for the plaintiff."

We think that the defendant's request should have been given. We have always required the party alleging negligence, for which he seeks to recover for an injury caused thereby, to state in his declaration the duty and the neglect of duty upon which he relies, and held that he must be confined in his proof and recovery to the allegations in his declaration. He is not permitted to allege negligence under the circumstances stated in his declaration, and recover for negligence not stated. In the declaration in this case the plaintiff sets out the duty of the defendant in each count substantially as follows:

"That it was the duty of the defendant, in approaching the crossing of the highway over which the plaintiff was driving, to use and employ reasonable care, caution, and diligence in running and driving said train of cars and steam locomotives along and over said railroad, and over and across said public highway, at the crossing aforesaid, and to give due notice and warning of the approach of any such train of cars or steam locomotives to all persons passing along and over said public highway, towards and over said crossing, by sounding the whistle of said

steam locomotive twice sharply at least 40 rods before reaching the crossing of said railroad and said public highway as aforesaid, and, after the sounding of said whistle, to keep the bell of said steam locomotive ringing continuously until said crossing should be passed by said steam locomotive, so that all persons lawfully passing or repassing along and over said highway and railroad crossing might have due warning of the approach of any such train of cars or steam locomotive along and over said railroad crossing."

In some of the counts of his declaration there is added to the duties already stated the further duty—

"To keep proper and sufficient lights upon all such steam locomotives as should be run by said defendant over its said railroad after dark."

Plaintiff alleges, as a neglect to observe the duty stated, that—

On the 18th of January, 1889, at about the hour of seven o'clock in the evening, the plaintiff, together with his wife, Margaret, and his daughter Sarah, were approaching said crossing in said highway from a southwesterly direction, and going in a north-easterly direction, with all proper care and caution on their part, seated in an open two-seated wagon, to which were attached two horses, driven by the said plaintiff at a careful and moderate pace, and upon approaching said crossing, and before attempting to drive over the same, and when near the same, the plaintiff looked carefully along said railroad track in both directions, so far as the same could be seen, and also listened carefully, to ascertain whether any train of cars or steam locomotive of defendant was approaching the crossing from either direction, and upon so looking and listening carefully could neither see nor hear the approach of any train of cars or steam locomotive from either direction, and, supposing it to be safe to do so, attempted to drive the said horses and wagon over and across said crossing, with all due care and caution and without negligence on his part.

Yet the defendant, well knowing the premises, as well as the unsafe condition of said crossing, carelessly, unskillfully, recklessly, and negligently did run and pro-

pel by steam its steam locomotive, with no cars attached thereto, from a south-westerly direction along and over said railroad at a high, reckless, careless, negligent, and dangerous rate of speed, to wit, at the rate of 60 miles an hour, and without sounding the steam whistle or ring-ing the bell of said steam locomotive, as required by law, at or before reaching said crossing, and without having any proper or sufficient lights on said engine, against said two-seated open wagon, in which were seated the plaintiff, his wife and daughter, traveling over said cross-ing with all due care and caution upon their part; and that said wagon was then and thereby overturned, broken to pieces, and wholly destroyed, and plaintiff and his wife and daughter were then and thereby, with great force and violence, precipitated, cast, and thrown from said wagon a long distance; and then the declaration sets forth the injury to the plaintiff.

The declaration does not allege in either count that the reckless and negligent act of the defendant consisted alone in running the locomotive engine at a high rate of speed without a headlight burning, but in each instance this negligence, where it is alleged, is coupled with the neglect to sound its steam whistle or ring its bell, as required by statute. It was therefore improper for the circuit judge to single out this act of negligence, and instruct the jury that, if they found there was no head-light upon the locomotive, the plaintiff was entitled to recover. The error is very plain to be seen if we stop to consider what the testimony tended to show on the part of the defendant,—that not only was the steam whistle upon the locomotive sounded at the proper dis-tance from the crossing, as required by statute, but that the bell upon the locomotive was continuously ringing from that time until the crossing was passed by the engine; and what might have been gross negligence if the headlight was not burning, and if no warning had otherwise been given of its approach, would not be if ample and sufficient warning of its presence and approach

at the crossing was given by sounding the whistle and ringing the bell, so as to warn all persons approaching the crossing of its presence there.

The testimony in the case was conflicting as to whether the headlight was burning, and also as to whether the proper signals were given. So, also, was the testimony as to the rate of speed at which the engine was running. We think that the case should have been submitted to the jury, under all the facts and circumstances, for them to say, under all the testimony in the case, whether or not the defendant was negligent, and whether also the plaintiff materially contributed to the injury by his own negligence.

It is urged on behalf of the defendant by its counsel that the second request should have been given, viz.:

" The track itself is a warning of danger to those who go upon it, and persons about to cross a railroad track are bound to recognize the danger, and to make use of the sense of hearing as well as of sight,—and, if either cannot be rendered available, the obligation to use the other is the stronger,—and ascertain before attempting to cross it, whether a train is in dangerous proximity; and if they neglect to do this, but venture blindly or carelessly upon the track, without any effort to ascertain whether a train is approaching, it must be at their own risk. Such conduct is of itself negligence."

We think this states the law correctly under the facts of this case, and the instruction should have been given to the jury.

There was no error in refusing the third and fourth requests of the defendant. The third reads as follows:

" The doctrine of comparative negligence in actions of this kind, as recognized by the courts of some of the other states, is not adopted or recognized by our Court, and therefore cannot be applied to this case."

There does not appear to have been any necessity for this request; it was immaterial to the issue.

The fourth request reads as follows:

"It is negligent to approach a railroad crossing with a team so closely as to involve apparent danger either of direct collision, or of the team's being so frightened by the passage of a train as to become unmanageable, and likely to go upon the track in spite of an attempt to check them."

The question as to whether it would be negligence to approach a railroad crossing with a team so closely as to involve apparent danger is one which depends upon all the circumstances and facts of the case; and under the testimony appearing in the record it was not involved in the issue in this case.

The fifth, sixth, seventh, eighth, ninth, and tenth requests read as follows:

"5. In this case, if the jury find that the plaintiff could have heard the approaching train by stopping his team and listening before reaching the railroad track, and he failed to stop and listen, he was guilty of contributory negligence, and cannot recover.

"6. If the jury find from the evidence in this case that the engineer on engine No. 25 blew the whistle and rung the bell from the whistling post 44 rods west of the place where the injury happened, then the plaintiff cannot recover, and your verdict should be for the defendant.

"7. If the jury find from the evidence in this case that the plaintiff could have discovered engine No. 25 if he had stopped his team and had looked and listened for it before he attempted to cross the track, then it was his duty to have done so, and, if he failed to do so, he was guilty of contributory negligence, and cannot recover.

"8. If the jury find that the headlight on the engine was burning, or that the engine made such a noise that the plaintiff could have heard it if he had stopped his team and listened before entering upon the track, then it would be contributory negligence for the plaintiff to attempt to cross the track without stopping his team and listening, and your verdict should be for the defendant.

"9. It was negligence for the plaintiff, under the circumstances disclosed by the proofs in this case, not to

have stopped his team before attempting to cross the track, and your verdict should be for the defendant.

"10. Under the proofs and pleadings in the case your verdict should be for the defendant, 'no cause of action.'"

The fifth, sixth, and seventh requests, it is claimed, find support under the following authorities: *Lake Shore, etc., R. R. Co. v. Miller*, 25 Mich. 274; *Haas v. Railroad Co.*, 47 Id. 401; *Rhoades v. Railway Co.*, 58 Id. 263; *Mynning v. Railroad Co.*, 64 Id. 93; *Brady v. Railroad Co.*, 81 Id. 616; *Matta v. Railway Co.*, 69 Id. 113. But the facts of this case were such that we do not think that the requests should have been given. There were circumstances which it would have been proper to have called the attention of the jury to in connection with such requests, which would have modified them as general propositions in order to make them applicable to the facts and circumstances of this case. There was no error, therefore, in refusing to give such requests.

We think that the eighth request to charge was properly refused, for the reason that the whole facts and circumstances would be proper to be considered by the jury if there had been no warning of the approaching train required by the statute, and no headlight burning. The jury would then have been called upon to consider whether it would be contributory negligence, in the absence of warning by sound and sight, to have crossed the. track without also having stopped his team and listened for the rumbling of the approaching train.

The ninth and tenth requests were properly refused, for the reason that we think there was evidence in the case sufficient to go to the jury upon the fifth, sixth, and seventh requests.

The judgment will be reversed, and a new trial granted.

GRANT, J. I concur in the result.

MORSE, J. In this case there is one count in the declaration alleging gross negligence in the defendant, as follows:

That the said defendant "carelessly, unskillfully, *recklessly,* and negligently did run and propel by steam its certain other steam locomotive, with no cars attached thereto, out of and around the cut and curve aforesaid, from a south-westerly direction, along and over said railroad at a high, reckless, careless, negligent, and dangerous rate of speed, to wit, at the rate of 60 miles an hour, and without sounding the said steam whistle or ringing the bell of said steam locomotive, as required by law, at or before reaching said crossing, and without having any proper or sufficient lights on said engine."

This allegation makes out a case of gross negligence as a matter of law, and, if sustained by the proofs, would entitle the plaintiff to a verdict.

But I think it would take the three elements of negligence combined to constitute gross negligence. There is not any doubt from the record, taking the testimony of all the witnesses, but that the rate of speed was dangerous and negligent, if the engine had no headlight and no alarm was sounded; but there was evidence in the case tending to show that the bell was rung and whistle blown, and a proper light attached to the engine. I am satisfied that the plaintiff was so lacking in ordinary care that he cannot recover unless the defendant is shown to have been grossly negligent. I do not think that he was obliged to stop before he crossed the track, but he was bound to look and listen, and to have his team in such a state, as to driving, that he could stop them at once, if necessary. He should have brought his team down to a walk before crossing, for the purpose of having a better opportunity to look and listen, and also to be in a condition to stop them at once if a train was found to be approaching.

This case seems to me to be in a nut-shell. If the

defendant was negligent in all three of the particulars above stated, it was grossly negligent, and the plaintiff would be entitled to a verdict. If not so negligent, the plaintiff cannot recover because of his own want of care. I concur, therefore, in the reversal of the judgment below.

McGRATH, J., concurred with MORSE, J. LONG, J., did not sit.