EMMA C. LETTS v. CHARLES E. LETTS.

[See 73 Mich. 138.]

*Evidence—Matters equally within knowledge of deceased person—Charge to jury.*

1. In a suit upon a note given by the defendant to plaintiff's father, since deceased, and from whom she derives her title, it is not competent for the defendant to testify as to facts equally within the knowledge of the deceased.

2. The use of language in a charge, from which the jury may infer a clear intimation of the views of the judge on the facts, is objectionable.

Error to Wayne. (Brevoort, J.) Submitted on briefs April 14, 1892. Decided May 13, 1892.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion, and in 73 Mich. 138.

*Wilkinson & Post,* for appellant.

*Edward Minock (Edwin F. Conely,* of counsel), for defendant.

MONTGOMERY, J. This case has once been before the Court, and is found reported in 73 Mich. 138. On the second trial the plaintiff gave evidence tending to show that she received the note in question as her share of her father's estate; that it had never been paid; and further testified that, in the spring or summer of 1881, the defendant came into the house one morning, and demanded the note. She could not then find it, but within a few days she did. She testified further:

"I don't remember how many days,—two or three. I came in one morning, and said, 'I have found the note;' and he says, 'I want to pay for it;' and I said: 'I don't want the money for it; I don't want to take your money out of your business; I am perfectly willing you should use it for the present.' And he threw down a roll of bills on the table, and I said, 'I don't want it.' I was out of money at the time. I couldn't always get money when I wanted it, and sometimes he gave it to me when I didn't want it; and I picked up two five-dollar bills, and I said, 'I will take this, and when I want any more or the rest of it I will call for it;' and he took the note."

The defendant disputed this testimony, and also offered his own testimony to show that, by agreement with Mahlon Wines, this note was never in fact to be paid by him, but was given as the consideration for real estate deeded to defendant by Mr. Wines as a part of the estate which would eventually fall to Mrs. Letts. This testimony was objected to, but was received notwithstanding plaintiff's objection. The testimony was not competent. The plaintiff's title was derived from her deceased father, and it was not competent for defendant to testify as to facts equally within his knowledge. 3 How. Stat. § 7545. The defendant's counsel disclaimed any purpose of showing any want of consideration. If this was not the purpose of this testimony, however, it is difficult to conceive what possible bearing it could

have on the issue, except as it tended to prejudice the jury.

Complaint is made of portions of the charge of the trial judge, as calculated to prejudice the jury against plaintiff's claim. It had appeared that the note had an indorsement on it, which read, " Paid June 20, 1881," which was in defendant's handwriting, and which was made, presumably, of the date when the note was surrendered, leaving the only question as to that transaction that of under what circumstances the surrender was made. But the trial judge charged:

" The certain payment of ten dollars is disclosed by the evidence to have been paid by him, as she claims, and she says it was in the summer or spring of 1881; and she must satisfy you of this by a preponderance of evidence, that it was paid to her before May 17, 1881. Now, gentlemen, if there is anything regarding the dates in this matter, it is your duty to seek to find out, so that there can be no mistake. If he did go into her place, and place before her sufficient money to take up the note, and ask for the note, and tell her, ' Here is the money,' and if it was prior to the 17th of May, even if it is so she cannot recover, because she did not begin this suit till the 18th day of May, 1887; so she could not recover under this new loan. I leave it for you to say, under the circumstances. She said here that there is considerable controversy regarding this note,—it had created more or less trouble,—and yet at the same time she tells you that when he did come to her, and when he placed this money upon the table, she took out two five-dollar bills, and handed back the rest to him. I leave it for you to say whether that is natural or satisfactory. If she sat'sfies you of it by a preponderance of evidence, if you believe her story, then your verdict will be for her; if you believe that any such thing did exist, and did not exist prior to May 17, 1881, she cannot recover. Mr. Letts says that nothing of the kind took place; that he never paid her a cent; and that she never asked him for a dollar; and that neither he nor she, nor anybody else, ever said a word until after the divorce, when the brother saw him at his office, and was riding

down street. You are to consider all these things. You are to consider the time this thing has been executed. Remember that at the commencement of suit the note was within four days of twenty years old. All these things you have a right to consider, and say if it is reasonable. If you should find for her because she is a woman, and against the defendant because he is a man, it would not be just, and it would not be right. I know that human nature is human nature, all the world over; but you are bound to consider the evidence, and upon the evidence you must render a verdict."

This instruction would seem to preclude a recovery if the alleged agreement took place either before or after the 17th of May, 1881. This was doubtless an unintentional slip, but it does not appear to be corrected by other portions of the charge.

The circuit judge also, through inadvertence, no doubt, was betrayed into employing language which the jury might well infer was intended as a clear intimation of his own views on the facts. The charge quoted contains a clear intimation that the story which plaintiff told was unreasonable, and peculiar stress is laid upon the fact that the note was nearly 20 years old when the suit was brought. If it was proper at all for the judge to argue the case to the jury, side by side with this statement of fact, the attention of the jury should have been called to the fact that these parties were, during this time, husband and wife, and that the note had 10 years to run from its date. It is claimed that as the jury answered a special question, as to whether the alleged agreement was made, in the negative, the errors, if any, were immaterial. But we are not prepared to say that these very rulings may not have created a prejudice which resulted in this finding.

The issues in this case were not obscure, and there should have been found no difficulty in keeping to them. They were—*First*, whether the receipt given by plaintiff

to defendant was understood to cover the transaction of this note, and upon this record there was very slight, if any, evidence that it was so considered; *second*, was the agreement of 1881 made, and was it at a date within six years before the commencement of the suit?

The other points discussed in briefs of counsel are not likely to arise on another trial.

The case should be reversed, with costs, and a new trial ordered.

MORSE, C. J., LONG and GRANT, JJ., concurred. McGRATH, J., did not sit.