PRESTON NATIONAL BANK *v.* MICHIGAN MUTUAL FIRE INSURANCE CO.

TRIAL—INSTRUCTIONS—PREFERRED REQUESTS—PREJUDICIAL MODIFICATION.

For the trial judge so to modify requests to charge bearing upon a controlling issue as to give the jury an impression of his personal opinion upon the subject is reversible error.

Error to Wayne; Donovan, J. Submitted October 13, 1897 Decided January 18, 1898.

*Assumpsit* by the Preston National Bank against the Michigan Mutual Fire Insurance Company on a policy of insurance. From a judgment for plaintiff, defendant brings error. Reversed.

*Bacon & Palmer*, for appellant.

*Julian G. Dickinson*, for appellee.

MOORE, J. Plaintiff recovered a judgment for a fire loss upon a policy of insurance issued by defendant, from which judgment defendant appeals. It is claimed by defendant that the policy of insurance was issued upon an application signed by the Preston National Bank, applicant, by O. J. Watkins, and that the application stated that the building insured was upon a brick foundation, when in fact it stood upon posts. When the policy was issued, there was a mortgage, owned by Mrs. Cochrane, upon the property, and the loss was made payable to the

---

Defendant requested the court to charge as follows:

"2. It appears from the undisputed evidence in this case that at the time the policy of insurance was presented to the agent of the Michigan Mutual Fire Insurance Company, to consent to the assignment of the policy from the Preston National Bank to James W. Parsons, the agent was informed that there was no incumbrance on such property, when in fact it appears from the undisputed testimony in the case that a mortgage was executed by James W. Parsons to the Preston National Bank, bearing date the 14th day of April, A. D. 1896, for $2,000, covering this property, and that the insurance company never had any notice of the existence of this mortgage; and, the representation being false, the policy is avoided, and defendant is entitled to a verdict.

"3. It appears from the uncontradicted testimony in this case that, after this policy was assigned by the Preston National Bank to James W. Parsons, a mortgage for $2,000, covering the property insured, was executed and delivered by James W. Parsons to the Preston National Bank, and that the insurance company had no knowledge of the execution and delivery of such mortgage; and the giving of such mortgage without notice to the insurance company rendered the policy void, and your verdict should be for the defendant.

"4. It appears from the uncontradicted testimony in this case that the application on which this policy was issued contains a statement that the building insured had a brick foundation, when, as appears from the plaintiff's testimony, it stood on posts; and such representation contained in the application was false, and related to a material fact, and avoided the policy, and your verdict should be for the defendant.

mortgagee as her mortgage interest was made to appear. This mortgage was afterwards foreclosed, and the property was bought at the foreclosure sale by Mr. Parsons, who borrowed $2,000 of the bank, and gave a mortgage for that amount to the bank upon the same property. The bank delivered the policy of insurance to Mr. Parsons for the purpose of enabling him to have the property insured for his benefit. Mr. Parsons took the policy, with others, to Mr. Watkins, and claims that he told Mr. Watkins about the foreclosure of the mortgage, his purchase of the property, of his giving the $2,000 mortgage to the bank, and that the bank was willing to have the mortgage slip taken off the mortgage; and that Mr. Watkins

"5. It appears from the uncontradicted testimony in this case that Ollie J. Watkins was not an agent for the Michigan Mutual Fire Insurance Company, but was the agent, and acted for and in behalf of, the Preston National Bank, in procuring the policy of insurance, and also as agent for and in behalf of James W. Parsons in obtaining the consent of the company to the assignment of the policy, and that the plaintiff in this case and James W. Parsons are bound by his statements made to the company and to the agent in regard to this property. * * *

"8. It appears from the uncontradicted testimony in this case that the application of the Preston National Bank for the policy of insurance was signed in its behalf by Ollie J. Watkins; and the Preston National Bank, by accepting and insisting on the policy issued on such application, ratified and adopted the acts of the said Ollie J. Watkins in obtaining said policy, and all statements made by him, contained in such application, and in relation thereto, and are bound by such statements.

"9. It appears from the uncontradicted testimony that James W. Parsons delivered the policy in question to Ollie J. Watkins, and requested him to have it transferred from the Preston National Bank to him (Parsons), and to obtain the consent of the company to such transfer; and I charge you that in obtaining this transfer, and the consent of the company to the same, Watkins was the agent of James W. Parsons, and Parsons was bound by the acts and statements made by him in obtaining such transfer, and the consent of the company to the same; and if statements were made by Watkins to the agent of the company that there was no incumbrance on such property, when in fact there was an incumbrance,

procured the assignment to Mr. Parsons of the policy by the bank, and the consent of the company to the assignment. Afterwards the property was burned, the policy was assigned by Mr. Parsons to the bank, and it brought the suit. It is the claim of the plaintiff that it knew nothing of the making of the application purporting to be signed by it; that Mr. Watkins was the agent of the defendant, and that his knowledge was the defendant's knowledge.

On the part of the defendant, it is claimed that Mr. Watkins was not its agent, but was an insurance broker; that in procuring the insurance he was acting for the bank, and in procuring the assignment of the policy and

such representation would be false, and would avoid the policy, and defendant is entitled to a verdict.

"10. Under the undisputed testimony in this case, I charge you that Ollie J. Watkins, in obtaining the consent of the insurance company to the assignment of the policy from the Preston National Bank to James W. Parsons, was the agent of James W. Parsons, and Parsons is bound by the acts and representations of said Watkins in obtaining the consent of the company to such assignment."

These requests were modified and given as follows:

"3. It appears from the uncontradicted testimony in the case (*I will leave out the word 'uncontradicted,' because I think the testimony was disputed*). It appears from the testimony *of the defendant* that this policy was assigned by the Preston National Bank to James W. Parsons; that a mortgage for $2,000, covering the property insured, was executed and delivered by James W. Parsons to the Preston National Bank; that the insurance company had no knowledge of the execution and delivery of said mortgage (*Parsons says he told them about it; that is, he told Watkins*); and the giving of such mortgage without notice to the insurance company would render the policy void, and the verdict would be found for the defendant.

"4. It appears from the *defendant's testimony* in the case that the application upon which this policy was issued contains a statement that the building insured had a brick foundation (*I think it does; it is in the handwriting of Mr. Watkins*), when, as appears from the plaintiff's testimony (*Mr. Parsons*), it stood upon posts; and such representation in the application, *if made by the bank, I will say,* would be false, as it would relate to a material fact, and avoid the

the consent of the company he was acting for Mr. Parsons. The defendant claims further that, when the company consented to the assignment of the policy, it had no knowledge of the $2,000 mortgage, but was told by Mr. Watkins that Mr. Parsons owned the property free of incumbrances, and would not have consented to the assignment to Mr. Parsons if it had known the bank held a $2,000 mortgage on the property. Defendant urges that there was no testimony which should have been submitted to the jury that Mr. Watkins was acting for the company, and the court should have directed a verdict in favor of the defendant. We think there is some testimony tending to show agency, and the case was a proper one for the jury.

policy. *On that question the bank has not testified at all. The application was made by Mr. Watkins, and I will leave it to you whether Mr. Watkins, under all the circumstances, was the agent of the Preston National Bank or the agent of the company. He seems to have been doing some business for the company, but I will leave that for the jury.*

"5. It appears from the *defendant's* testimony in this case that Ollie J. Watkins was not the agent for the Michigan Mutual Fire Insurance Company (*we will leave that to the jury, whether he was or not, because agency is a matter of fact, and not a matter of law; but he half disputes it, and half admits that he was doing both for them and for some other company*), and that he acted in behalf of the Preston National Bank in procuring the policy of insurance, and also as agent for and in behalf of James W. Parsons in obtaining the consent of the company to the signing of the assignment of the policy, and that the plaintiff in the case and James W. Parsons would be bound by the statement made to the company, and *by the agent of the bank, if he was the agent of the bank, and the agent of Parsons, if he was the agent of Parsons.* * * *

"8. It appears from the *defendant's* testimony that the application of the Preston National Bank for the policy of insurance was signed in its behalf by Mr. Watkins. *Whether he had authority to sign for them, or not, or was signing for the company, it is immaterial. I will leave it to the jury.* And the Preston National Bank, by accepting and insisting upon the policy as issued upon the application, ratified and adopted the acts of said Ollie J. Watkins in obtaining said policy, and all statements made by him in such application and in relation thereto, and are bound by such statements.

It will be seen by the statement already made that the important question in the case is, For whom was Mr. Watkins acting,—for the insured, or for the insurer? That was a question that should have been submitted to the jury under proper instructions, free from any intimation by the judge as to what his opinion was of the fact. *Cronkhite* v. *Dickerson*, 51 Mich. 177. Certain requests to charge were offered on the part of the defendant, which will be found in the margin. The judge modified these requests by adding thereto the words printed in italics. The defendant was strenuously insisting that there was no testimony tending to show that Mr. Watkins was acting for it. We think these statements of the judge were well calculated to give the jury an impression of the opinion he entertained of the disputed question, and were prejudicial to the defendant. *Letts* v. *Letts*, 91 Mich. 596; *Valin* v. *McKerreghan*, 104 Mich. 213.

---

*Whether or not the company is equally bound, having thus acted upon his acts and treated him, will be a question I will leave to the jury. He did something for the company as well as for the bank, at least.*

"9. It appears from the *defendant's* testimony that James W. Parsons delivered the policy in question to Ollie J. Watkins, and requested him to have it transferred from the Preston National Bank to him (Parsons), and to obtain the consent of the company to such transfer, in which he, in obtaining this transfer and the consent of the company to the same (Watkins), was the agent of James W. Parsons. *Well, he was the broker of the company, and the agent of both of them in that transaction.* Parsons was bound by the acts and statements made by him in obtaining such transfer, and the consent of the company to the same; and if the statements were made by Watkins to the company that there was no incumbrance on such property, when in fact there was an incumbrance, such representations would be false, and would void the policy, and the defendant is entitled to a verdict. *That is to say, if Parsons aided in concealing anything. A man must treat the company in good faith. But unless Parsons aided in it, if you find Watkins to be the agent of the company, and he concealed that fact, and he concealed the fact about the foundation, and that he knew of it, and that he deceived his own company, then you could not bind the insured by acts of his. He certainly had something to do with the company.*"

The other assignments of error have been considered. They are either not well taken, or are not likely to occur again on the new trial, and it will not be necessary to discuss them.

Judgment is reversed, and new trial ordered.

Montgomery, Hooker, and Long, JJ., concurred. Grant, C. J., did not sit.