LABARGE *v.* PERE MARQUETTE RAILROAD CO.

1. PERSONAL INJURIES—NEGLIGENCE.

Where one willfully injures another, contributory negligence is not involved, because the injury is not negligent, but intentional.

2. SAME—WANTONNESS.

Where one sees another in a place of danger, and does not use ordinary care, which would avert an injury, the act is not alone negligent, but wanton, and the same rule may be applied as for willful injuries.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

A plaintiff whose negligence is either subsequent to, or concurrent with, that of the defendant, cannot recover.

4. SAME—RAILROADS—INJURIES ON PUBLIC STREETS—QUESTIONS FOR JURY.

Where the horse of one driving along a public street became frightened at railway cars which were being shunted along the track in the street, and backed the carriage upon the track in front of the cars, it was a question of fact as to whether the railroad company was guilty of negligence in failing to stop the cars after the horse began to back up.

5. TRIAL—INSTRUCTIONS—OPINION OF JUDGE.

A case will not be reversed, although the trial judge, in discussing the evidence, did not entirely conceal his opinion, where the jury were plainly told that they should decide the question.

Error to Bay; Shepard, J. Submitted January 13, 1903. (Docket No. 23.) Decided July 14, 1903.

Case by Sophia Labarge against the Pere Marquette Railroad Company for personal injuries. From a judgment for defendant, plaintiff brings error. Affirmed.

*D. B. Richardson* (*Loranger & Flynn*, of counsel), for appellant.

*T. A. E. & J. C. Weadock* (*F. W. Stevens*, of counsel), for appellee.

Hooker, C. J.   The plaintiff, when driving, was struck and injured by a car belonging to the defendant, which had been shunted down the street upon which she was driving, in Bay City.   This action was brought to recover damages for the injury sustained by her, and, upon the trial, a jury rendered a verdict for the defendant.   She has taken a writ of error upon the judgment rendered.

The negligence complained of is, first, that the defendant's servants "kicked" two sleeping coaches down its track, and across a street (Third), at a rate of five to six miles an hour, with no one upon them to control them, and this is said to have amounted to "gross negligence."   This was afterwards amended so as to allege that she was struck upon Jefferson street, which accorded with the fact.   The railroad occupies a portion of Jefferson street, which crosses Third; the main track being near the center, and a side track just east of it.   Other side tracks occupy lands adjacent to Jefferson street.   The plaintiff's home was upon Jefferson street, a short distance from Third street, and she was familiar with defendant's practice of shunting its cars, which it did daily at this place.

Her version of the affair is, in brief, that, while driving with a companion, she saw the cars pulled north across Third street, and that her companion stopped her horse until the train had crossed, when, on being signaled to cross the track by the flagman, she did so, and immediately turned up Jefferson street towards plaintiff's residence.   As she turned north on Jefferson, the cars were coming towards her from the north, and when she had gone 15 or 20 feet, on Jefferson street, the horse became frightened at the approach of the cars, and reared and pranced, and finally became unmanageable, and backed the buggy upon the track in front of the approaching car, which struck it, to her injury.   We are asked to say that the act of shunting these cars along the street, with no one at the brake, was such a want of care as to make defendant liable, regardless of the question of contributory negligence.

It may be conceded that, where one willfully injures another, the doctrine of contributory negligence is not involved, because the injury is not *negligent,* but *intentional.* Again, where one is seen in danger, though placed there through his own negligence, one who, thus seeing him, omits ordinary care to avert an injury to him, is not alone negligent, but is *wanton,* and, as wantonness of this kind is akin to willfulness, there is an opportunity for applying the same rule, and defendants have been held liable under such circumstances. And again, we can conceive of a degree of recklessness which, by reason of its coincidence with *probable disaster,* is closely allied to the foregoing, and should perhaps be governed by the same rule; but it does not follow that all acts that counsel or jurors might, in the light of subsequent events, be inclined to call reckless, should be treated as something more than negligence, and classed with intentional, rather than with negligent, acts, when it cannot be said that it was coincident with a probable disaster.

It has been held in this State to be "gross negligence" to run a car across a highway at a high rate of speed, without having a lookout to stop the train, or warn persons upon the crossing, by signal or otherwise, to get off from the track, and that in such cases, where the danger ought to have been discovered and averted by the use of ordinary care, the antecedent negligence which caused plaintiff's jeopardy, which should have been discovered and avoided, should not constitute a defense; though it does not follow that subsequent negligence of a plaintiff would be excused, and it should not be.

Thus, in *Battishill* v. *Humphreys,* 64 Mich. 494 (31 N. W. 894), a child 2½ years old was run over in daylight upon a street crossing, unseen by the engineer, who, it was said, could have seen her in time to stop his train had he been attentive; and it was held that the court would not discuss the question of the negligence of the guardian, who should have prevented her going into a place of danger. Here the antecedent was negligence of the

guardian, and the subsequent failure to discover the dangerous situation, for want of ordinary care, upon which the liability rested.

The next case was *Cooper* v. *Railway Co.*, 66 Mich. 261 (33 N. W. 306, 11 Am. St. Rep. 482). A girl of 11 years stepped upon a track at a city street crossing and looked after a receding train, when she was struck by a caboose of another train and killed. Again it was held that the defendant was liable, because it backed the train over a highway crossing, without a brakeman at the rear end as a lookout, and in readiness to apply the brakes in case of danger, and thus prevent collision or accident, there being no flagman. The question of contributory negligence was left to the jury, and the defendant claimed it was injured thereby. This court held not.

In the case of *Schindler* v. *Railway Co.*, 87 Mich. 405 (49 N. W. 670), some freight cars were shunted across a highway, no one being upon them. A boy of $5\frac{1}{2}$ years was riding in a sleigh, which was struck, and he was injured. The case shows that the defendant's crew knew that the sleigh had started for the crossing "at the very time when they kicked these cars across this highway." The defendant was held liable. It was contended that the boy was chargeable with contributory negligence. In discussing this, the court said:

"The charge in the declaration is for gross negligence. The jury have found the defendant guilty of gross negligence. There is no room, therefore, for the claim that the defendant company should be excused for its negligence, though Schupp may have been negligent, and his negligence might have been imputed to the child. Whether, under the circumstances stated here, Schupp's negligence could be imputed to the child, we do not determine, as, under the finding of the jury, there is no room for contending that Schupp's or the plaintiff's contributory negligence could be made applicable in determining the rights of the parties in this case. The term 'gross negligence' has been used in cases decided by this court, and has a definite meaning, when referred to as authorizing a recovery for a negligent injury notwithstanding the contribu-

tory negligence of the plaintiff.   It means the intentional failure to perform a manifest duty, in reckless disregard of the consequences, as affecting the life or property of another.   It also implies a thoughtless disregard of consequences, without the exertion of any effort to avoid them."

In each of these cases there was a possible antecedent negligence, which should have been discovered, and danger averted, by the exercise of ordinary care by the defendant, viz., by having a lookout upon its cars.   There was nothing to indicate that the plaintiff was chargeable with subsequent negligence, or, if there was, the point was not raised.   In one of the cases the question of contributory negligence was not before this court in a way to be passed upon, so far as this question was concerned.   In the other cases the question of imputable negligence on the part of the plaintiff was avoided by saying that gross negligence upon defendant's part eliminated the question of contributory negligence based upon the plaintiff's antecedent negligence.

See, also, *Denman* v. *Johnston*, 85 Mich. 396 (48 N. W. 565); *Thomas* v. *Railway Co.*, 86 Mich. 496 (49 N. W. 547).   In both of these cases contributory negligence was considered a question for the jury.

In *Richter* v. *Harper*, 95 Mich. 225 (54 N. W. 768), Mr. Justice MONTGOMERY, speaking for all of his associates, was discussing a case where gross negligence was charged.   He said:

" It is urged by plaintiff's counsel that the negligence of defendants was so gross and willful as to excuse concurring negligence on the part of the plaintiff; it being claimed that, where the negligence of the defendant is gross or willful, the contributory negligence of the plaintiff is not a defense.   This is but another way of stating the doctrine of comparative negligence, which has never obtained in this State.   It is true that the contributory negligence of the plaintiff does not prevent recovery in a case where the defendant, who knows, or ought, by the exercise of the most ordinary care, to know, of the *precedent* negligence of the plaintiff, by his *subsequent* negligence does plaintiff an injury."

The *Case of Battishill*, alone of the three mentioned, was cited, but it shows our interpretation of that case. He continued:

"As well stated by Judge COOLEY:

" ' In such cases it may be said that the negligence of the plaintiff only put him in position of danger, and was therefore only the remote cause of the injury, while the subsequently intervening negligence of the defendant was the proximate cause.' Cooley, Torts, 674.

"This rule does not permit recovery notwithstanding plaintiff's contributory negligence, but it recognizes that such discovered negligence of plaintiff, or his negligence which should have been discovered, is not a contributing cause to the injury in a legal sense. This, we think, is the logical statement of the rule as deduced from the authorities. 4 Am. & Eng. Enc. Law, p. 80, and notes. But it is a rule which has no application to the case at bar," —citing *Talley* v. *Courter*, 93 Mich. 473 (53 N. W. 621).

In *Laethem* v. *Railway Co.*, 100 Mich. 297 (58 N. W. 996), Mr. Justice LONG appears to have recognized the rule that plaintiff's subsequent negligence is a defense. There a street-car driver saw a milkman's sleigh in a place of danger. He might have stopped and avoided an accident, but he did not. The milkman saw the car and attempted to get out of the way, but failed. It was held that his conduct after seeing the car involved the question of contributory negligence.

In the case of *Montgomery* v. *Railway Co.*, 103 Mich. 46 (61 N. W. 543, 29 L. R. A. 287), the intestate was a member of a band, which was marching upon a city street, playing, at the time. Defendant's car came up behind them, and ran into the intestate. The motorman saw the man walking in a dangerous place, and made no effort to avoid the accident. There was testimony indicating that the intestate was unaware of the approach of the car. No subsequent negligence on his part appeared. See, also, *Borschall* v. *Railway Co.*, 115 Mich. 473 (73 N. W. 551); *Buckley* v. *Railroad Co.*, 119

Mich. 587 (78 N. W. 655); *Merritt* v. *Foote*, 128 Mich. 373 (87 N. W. 262).

In all of these cases the negligence of the defendants occurred when there was a condition of danger, and it may be said that it was unimportant how such antecedent condition arose, or whether it was due to the negligent act of the plaintiff or not. The defendant's wrong being a want of ordinary care, which care would have prevented the accident notwithstanding plaintiff's antecedent negligence, it was responsible for it, and plaintiff's antecedent negligence being at most a remote cause, and there being no other negligence on the part of the plaintiff, he might recover. It has in some cases been said that his negligence might be said to be a remote, and not the proximate, cause.

We have held that a defendant who backs its cars at high speed across a highway in a city or village, without having a brakeman upon or in charge of the same, is chargeable with gross, *i. e.*, great, negligence, and cannot maintain the defense of contributory negligence, where the presence of such brakeman, and the use of ordinary care, would have shown plaintiff's danger, and made it possible to avert the accident. This rule is subject to the exception of such negligence on the part of the plaintiff as occurs after his discovery of the danger. In our opinion, the term "gross," as applied to negligence, has no such broad legal effect as is contended for in this case; but whenever the defendant sees a plaintiff in danger, or by exercising only ordinary care in the discharge of his duty should discover such danger, in time to avert an injury, and either fails, after discovering it, to take steps to avert it, or fails to discover the danger, the fact that the plaintiff's danger arose, in the first place, through his own negligence, does not prevent his recovery for an injury sustained.

Counsel in this and many other cases have apparently assumed that where negligence is extraordinary, to a comparative or superlative degree, it is proper to call it "gross," and that, when it can be so denominated, certain legal

consequences result. Accordingly in this case it is said that it was extremely negligent to shunt these cars down the street without a lookout on duty, with his hand on the brake, and justified the charge of " gross " negligence, and hence nothing that the plaintiff had done or might do after the discovery of the approaching train could be effective as a defense to the action. We think this is not the rule. The doctrine of responsibility, notwithstanding discovered negligence of the plaintiff, does not apply where the plaintiff's negligence is, in the order of causation, either subsequent to, or concurrent with, that of the defendant. *Smith* v. *Railroad Co.*, 114 N. C. 728 (19 S. E. 863, 923, 25 L. R. A. 287); *Holmes* v. *Railway Co.*, 97 Cal. 161 (31 Pac. 834). Thus it is said that while one discovered by an engineer, negligently walking on a railroad, may be entitled to recover, if the engineer, apprehending the danger, makes no effort to avert it, he cannot recover if, after becoming aware of the danger, he makes no proper effort to escape. *International, etc., R. Co.* v. *Garcia,* 75 Tex. 583 (13 S. W. 223); *Louisville, etc., R. Co.* v. *Webb,* 90 Ala. 185 (8 South. 518, 11 L. R. A. 674); *Smith* v. *Railroad Co., supra.* And in *Ochsenbein* v. *Shapley,* 85 N. Y. 214, this was held as to one who, after notice that a boiler is to be tested in a reckless manner, persists in standing by until it explodes.

Again, it has been said:

" Defendant's negligence must be subsequent to plaintiff's. Recovery cannot be had for the killing by a train of a trespasser by reason of the fact that the train was not properly equipped with appliances for stopping it quickly. *Smith* v. *Railroad Co.*, 114 N. C. 728 (19 S. E. 863, 923, 25 L. R. A. 287); *Sullivan* v. *Railway Co.*, 117 Mo. 214 (23 S. W. 149). The obligation is mutual to use care to avoid the consequences of each other's negligence. *Northern Central R. Co.* v. *Price,* 29 Md. 420 (96 Am. Dec. 545)." 1 Shear. & R. Neg. § 99, note 1.

This rule, as first laid down in *Davies* v. *Mann,* 10 Mees. & W. 546, has been much criticised, and it is perhaps not too much to say that the doctrine intended to be

announced there has been misinterpreted and misapplied. Certain it is that, of a large number of cases cited in support of that case, in all but two or three the defendants were fully aware of plaintiff's danger. See 1 Shear. & R. Neg. § 99, notes 2, 4. This understanding of the rule seems to be in accord with Mr. Justice MONTGOMERY in *Richter* v. *Harper, supra.*

It is contended by defendant's counsel that it had the right to use its track in the ordinary way, and that it might run its trains thereon, notwithstanding the fact that horses were liable to be frightened thereby, and that it cannot be said to have been negligent in not anticipating that the horse would be frightened and back upon the track. We are not satisfied that a railroad company owes no duty towards those who drive upon a street in which its trains also run. Undoubtedly it has a right to run its trains there, but so have persons a right to drive there, and each has the right to expect reasonable care on the part of the other. We are not able to say, as a matter of law, that it was not possible for this train to have been stopped after the horse began to back up, had the switching been prudently done, nor can we say that there was not negligence in a failure to do so. This would depend upon the distance that the cars were from the horse, the rate of speed, the provisions made by defendant for controlling the cars, and the apparent conduct of the horse and its driver; and the question was for the jury, as the court held. Under these cases it was a proper question for the jury to determine what was a proper discharge of duty, and whether the employés of the defendant in charge of the cars, by the use of ordinary care in running the cars, and in discharge of their plain duty, could and should have seen and averted the accident. If they could, the negligence of plaintiff and her companion in driving up the street, if it was negligent, was not a proper defense, unless it occurred after their discovery of the danger.

The trial judge indulged in a somewhat extended discussion of the testimony, and this is perhaps subject to

the criticism that he did not entirely conceal his opinion in relation to some features of the case. That is sometimes a difficult thing to do, and at the same time direct the attention of the jury to the crucial points of the testimony upon which a case may turn. We have held that a charge must be based upon the evidence. *Doyle* v. *Stevens*, 4 Mich. 87; *American Transportation Co.* v. *Moore*, 5 Mich. 368; *Dodge* v. *Brown*, 22 Mich. 446; *Druse* v. *Wheeler*, 26 Mich. 199; *Chadwick* v. *Butler*, 28 Mich. 352; *Leslie* v. *Smith*, 32 Mich. 64. We have also recognized the propriety of a discussion of the evidence within proper limits, and have refused to reverse a case on the ground that the trial judge had even expressed an opinion upon the facts, when it appeared that the jury were informed that it was no more than an opinion, and was not intended nor calculated to prevent their free consideration of the evidence and determination of the facts. See *Sheahan* v. *Barry*, 27 Mich. 227.

In *Elliott* v. *Van Buren*, 33 Mich. 58 (20 Am. Rep. 668), it was said:

"We do not find that anything was said which could in any way mislead the jury as to their powers or duties. This being so, we cannot be justified in acting as censors of the style or spirit of the charge, even if we should not approve them ourselves. Judges are not expected to be so purely mechanical in their action as never to express in words more or less of their ideas upon many questions of legal policy and theory, as well as human conduct. The reports are full of judicial remarks which are not supposed to be meant as legal rulings, and which an appellate court would never think of reviewing. In *Sheahan* v. *Barry*, 27 Mich. 217, the remarks complained of bore much more severely against the defendant than anything which appears in this record. But, on a review of the authorities, we were there satisfied no ground of error existed, and so we think of the case before us."

These cases have been cited frequently since, and the court has indicated an unwillingness to extend the rule. See *People* v. *Lyons*, 49 Mich. 82 (13 N. W. 365); *People* v. *Murray*, 52 Mich. 302 (17 N. W. 843); *Letts* v. *Letts*,

91 Mich. 599 (52 N. W. 54); *Raymond* v. *Woolfenden's Estate*, 99 Mich. 165 (58 N. W. 41); *Blumeno* v. *Railroad Co.*, 101 Mich. 325 (59 N. W. 594); *Preston Nat. Bank* v. *Insurance Co.*, 115 Mich. 511 (73 N. W. 815); *Valin* v. *McKerreghan*, 104 Mich. 213 (62 N. W. 340).

A majority of the court are of the opinion that the judgment should not be reversed for this reason, for, although we agree that the court's language presented the facts bearing upon the question of contributory negligence with considerable emphasis, it cannot be said that the jury were given to understand that they were not to pass upon the question, it being clear that it was expected that they would pass upon it. See *Blumeno* v. *Railroad Co.*, 101 Mich. 330 (59 N. W. 594).

It is unnecessary to discuss other questions, further than to say that they have received attention.

The judgment is affirmed.

The other Justices concurred.