MOLBY v. MURRAY.

1. WITNESSES—ESTATES OF DECEDENTS—BILLS AND NOTES.
   In an action by an indorsee of a note that had been transferred
   to plaintiff by another indorsee who obtained it from the ad-
   ministrator of the payee's estate, defendant was prohibited
   from testifying to matters equally within the knowledge of
   decedent by 3 Comp. Laws, § 10212, and Act No. 30, Pub.
   Acts 1903, 5 How. Stat. (2d Ed.) § 12856, though the trans-
   fers took place after the death of the payee.

2. BILLS AND NOTES—EVIDENCE—TITLE.
   Testimony tending to show that plaintiff purchased the note
   sued on from his grandmother, in consideration of services
   rendered, that the latter received it from the administrator
   of the payee's estate, supported by the indorsements on the
   instrument, raised a question of fact as to ownership.

3. SAME—STATUTES—LIMITATION OF ACTIONS.
   Whether an indorsement of payment for the use of a team of
   defendants was authorized by him, so as to extend liability
   under the statute of limitations, presented a proper question
   for the jury.

Error to Hillsdale; Chester, J. Submitted April 11,
1912. (Docket No. 146.) Decided December 17, 1912.

Assumpsit by George S. Molby against Abner Murray
on a promissory note. Judgment for plaintiff. Defend-
ant brings error. Affirmed.

C. A. Shepard and B. E. Sheldon, for appellant.

Powell & Chase (F. A. Lyon, of counsel), for appel-
lee.

KUHN, J. The defendant is sued in assumpsit as the
maker of the following note:

                    "READING, MICHIGAN, Oct. 2, 1900.
"$100.00.
"Sixty days after date, for value received, I promise
to pay to the order of Byron Berry, one hundred dollars,

at the State Bank of Reading, with interest at the rate of six per cent. per annum, interest payable annually from date, until paid.

"ABNER MURRAY."

Indorsements are as follows:

"Oct. 2–01 interest paid in full, $6.   Nov. 12th–04 by team, $2.50.   Pay to the order of Phebe E. Berry, Elvin P. Starr, Admr. Estate of Byron Berry, without recourse. Pay to Geo. S. Molby or order.   Phebe E. Berry."

1. The main question involved in this appeal is whether the trial court erred in refusing to permit the defendant Murray to testify to matters equally within the knowledge of Byron Berry, deceased, the payee of the note. The testimony was excluded by authority of section 10212, 3 Comp. Laws, as amended by Act No. 30 of the Public Acts of 1903 (5 How. Stat. [2d Ed.] § 12856), which provides, in part, as follows:

"When a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees or personal representatives of a deceased person, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all to matters which, if true, must have been equally within the knowledge of such deceased person."

Counsel for defendant urge that the word "assigns," as used in this statute, can include only a person to whom the property or right is transferred by a deceased person in his lifetime, and cite in support of this proposition the case of *Ripley* v. *Seligman*, 88 Mich. 177 (50 N. W. 143). This question was not involved in this case because the assignment was made by the deceased in his lifetime, and the court held that such an assignee would come within the meaning of the statute.   The following language is also used:

"The statute is broad enough to cover successive transfers, or where the controversy depends upon the acts or dealings with the property of the deceased in his lifetime; and any one who is called upon to prosecute or defend some interest which is affected by the act or agreement of

the deceased party through whom he claims may invoke the protection of the statute to shield his interest from the testimony of the opposite party to matters which, if true, were equally within the knowledge of the deceased person through whom he claims."

In the case of *Olin* v. *Henderson*, 120 Mich. 154 (79 N. W. 180), Chief Justice GRANT said:

"Defendant was asked to testify to a conversation between him and Mr. Campau, deceased, in 1878, in regard to the building of this fence. This was excluded, under 3 How. Stat. § 7545, as amended by Act No. 121, Pub. Acts 1895. Counsel sought to defend the admission of this testimony upon the ground that the plaintiffs are not the assignees of Mr. Campau, but are grantees of his heirs several times removed, and that the statute only applies to a case where the property or right was transferred by the deceased in his lifetime. We think the statute is broad enough to include this case within the beneficent prohibition. This statute was held in *Lloyd* v. *Hollenback*, 98 Mich. 203 [57 N. W. 110], to include the heir. If it includes the heir, for the same reason it should include the grantee or assignee of the heir. It was also held in *Ripley* v. *Seligman*, 88 Mich. 189 [50 N. W. 143], that the assigns of a deceased person include the grantee of the grantee of the deceased person. The testimony was properly excluded."

See, also, *Letts* v. *Letts*, 91 Mich. 596 (52 N. W. 54). We believe this to be controlling, and the court did not err in excluding the testimony.

2. It is also urged that there was no proof of ownership of this note on the part of the plaintiff. An examination of the record discloses that there was evidence of ownership in the plaintiff, who testified:

"I know Byron Berry and Phebe Berry. She is my grandmother. I know Elvin P. Starr. I remember purchasing a note of my grandmother. It was in the fall, about 1904, that I received this note from my grandmother.

"*Q.* And did you pay her the consideration for the note?

"*A.* Why, in services I did."

173 MICH.—10.

The administrator, Elvin P. Starr, testified:

"*Q.* Now this note came in the administration and distribution of the estate. This note came to Mrs. Phebe Berry?
"*A.* Yes, sir. * * *
"*Q.* Well, what did you do with the note?
"*A.* I turned it over to Mrs. Berry."

The question of ownership was properly submitted to the jury, and they were justified in finding ownership in the plaintiff upon this testimony.

3. We are of the opinion that the question of whether or not the indorsement of $2.50 for the use of the team was authorized by the defendant was properly submitted to the jury.

We find no reversible error in the record, and the judgment is affirmed.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.