CHARLES DENNIS v. ARTHUR HUYCK.

*Livery stable keepers—injury to horses from negligent keeping.*

A livery stable keeper is not an insurer of the safety and care of the horses left in his charge.

A horse, left at a livery stable over night, got untied and ate from a convenient bag of corn. In the morning his owner did not water him, but drove him eighteen miles in the heat, and the horse became injured. *Held* that the stable keeper could be held responsible in case, only, it was found that he was guilty of negligence and that the owner of the horse had not contributed to the injury, either in fastening the horse or in improperly driving him.

When the owner of a horse finds that it has overfed itself at a livery stable, he is bound to resort to such measures as he may, to lessen the injurious results, and if he does so, the stable keeper, if found liable for the injury, will also be liable for the expenses incurred in attempting to lessen it; but if he does not do so, and so treats the horse as to contribute to or aggravate the injury, the stable keeper will not be liable for so much of the injury as the owner is to blame for.

An injured party cannot charge the entire damage upon the party inflicting the hurt, if he himself has increased the damage by wilfully or carelessly aggravating the injury.

Error to Cass. Submitted June 15. Decided June 21.

CASE. Defendant brings error. Reversed.

*W. J. Sampson* and *Howell & Carr* for appellant.

*W. H. Tucker* for appellee.

MARSTON, J. The defendant was the keeper of a feed and livery stable. Plaintiff put a team of horses in his barn, and during the night one of the horses got untied, and ate from an open bag of corn on the barn floor. The plaintiff the next morning did not water this horse. He paid the defendant for keeping the team and drove them eighteen miles or upwards. The day was warm, and when the plaintiff arrived at the end of his journey this horse was

found to be bloated and in pain. Remedies were applied, and it was claimed that the horse was permanently injured. While it was conceded that the plaintiff's halters were used in tying the horses, it was a disputed question as to whether the plaintiff or defendant tied them.

The defendant's counsel presented several requests to charge, a copy of which is given herewith:

1. The plaintiff in this case must show by the preponderance of proof, that the defendant has been guilty of negligence and that he, the plaintiff, is free from all negligence.

2. The negligence of the defendant must be made out and established by proof, and not left to be inferred from circumstances.

3. In order to recover, plaintiff must show want of ordinary care or culpable negligence, and that the plaintiff's conduct did not contribute to the injury complained of.

4. If the jury find that the plaintiff tied the mare in question in the stable, and further find that she got loose from said tying and ate the corn in question, then the plaintiff could not recover.

5. The plaintiff must show that he exercised due care and caution in treating the mare after the eating of the corn.

6. If you find the plaintiff has contributed to the injury in question, then he cannot recover.

7. If you find that the plaintiff drove this mare from Marcellus to Cassopolis the next day, and that said drive contributed to the injury, then the plaintiff cannot recover.

These were refused, and the jury charged in substance, that it was immaterial who tied the horses; that the defendant was guilty of carelessness in leaving the corn on the floor where a horse could reach it if he got loose, equally as though a poison had been left there; that it was defendant's duty to keep this corn out of the way, and the question of plaintiff's contributory negligence in tying the horses, if he did tie them, did not apply, and such being the case, the driving, or at any rate a reasonable driving of the horse, after the corn had been eaten, would not relieve the defendant from the liability he had incurred, unless the driving was what caused the injury, and not the eating of the corn.

We are of opinion that the court erred in the charge as given and in not charging as requested. The defendant's

duty was not that of an insurer of the safety and care of the horses, and he could only be held responsible in case the jury found that he had been guilty of negligence, and that the plaintiff had not contributed to the injury, either in not properly tying the horses, or in afterwards improperly driving them. It was the duty of the plaintiff on discovering the fact that his horse had eaten an undue quantity of corn, to adopt the usual and such remedies and means as were within his reach, to prevent or lessen such injurious results as otherwise might be expected to follow, and in case the defendant was liable, for such expenses incurred and injury sustained the plaintiff would be entitled to recover. If however he did not use such precautionary measures, but drove the horse a long distance, during the heat of the day, and this contributed to or aggravated the injury, clearly for this the defendant should not be held responsible. The party injured must not increase the damage by wilfully or carelessly aggravating the injury done, and then charge the defendant with the entire amount of damages. These principles are familiar and elementary.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.