## JACKSON TALLEY v. THOMAS COURTER.

*Negligent setting of fire—Damages.*

| 93 | 473 |
| 95 | 225 |
| 93 | 473 |
| 109 | 440 |
| 93 | 473 |
| 134 | ²144 |

1. Damages caused by the negligent setting of a fire, after its discovery by the injured party and his failure to put it out, which he could have done, cannot be recovered.

2. A party against whom a trespass is committed has no right by his own action, or by neglecting the obvious and ordinary means of preventing or lessening the damages, to make them more than they otherwise would have been; citing *Gilbert v. Kennedy*, 22 Mich. 117; *Dennis v. Huyck*, 48 Id. 620.

Error to Gratiot. (Daboll, J.) Argued October 25, 1892. Decided November 18, 1892.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Smith & Aldrich ( C. J. Willett,* of counsel), for appellant.

*W. A. Bahlke,* for plaintiff.

DURAND, J. This suit is brought to recover damages against the defendant for having willfully, maliciously, and negligently set fire to his premises next adjoining those of the plaintiff, with intent to injure the plaintiff, and for having willfully, negligently, and maliciously permitted the fire to pass over and destroy a portion of the plaintiff's land; and plaintiff claims double damages therefor, under the provisions of section 9402, How. Stat.

Plaintiff and defendant live on adjoining farms. On Friday, September 20, 1889, the defendant set fire to a pile of stumps a short distance from plaintiff's land. In about half an hour after the fire was set, the plaintiff

discovered that it had caught on his land. He could have easily put it out, but did not do so. He went away, and left it, and, although it continued to burn a little, he did nothing about checking it until the following Monday, at which time the wind began to blow, and the fire thereby increased, and continued to burn, and burned holes in the muck ground covering over four or five acres, and lasting for over a month before it was put out. Upon the trial, plaintiff obtained a verdict for $45, which amount was doubled by the court under the statute referred to, and a judgment for $90 was entered against the defendant.

The plaintiff testifies that the fire could have been put out when he first saw it, and that he knew it might become dangerous if not put out, and yet he made no attempt to do so until Monday afterwards, when it had made so much headway in the mucky ground that he was unable to extinguish it. Notwithstanding these facts, and against defendant's objection, he was allowed upon the trial to introduce evidence of damage occurring a month afterwards by the burning of a fence, which was the result of the continuing fire. This was error. Upon the plaintiff's own showing he was not entitled to recover for any damage which occurred after he had discovered the fire, and neglected to put it out, as he could have done. At that time the damages were merely nominal, even if the jury found that the defendant had been negligent in setting the fire in the first instance; and the judge should have instructed the jury, as a matter of law, that no damages could be awarded for any injury done after the plaintiff discovered the fire, and neglected to put it out, as testified to by him. A party against whom a trespass is committed has no right by his own action, or by neglecting the obvious and ordinary means of preventing or lessening the damages, to make them more than they otherwise would have been, and this rule is simply one of good faith and fair dealing.

*Gilbert v. Kennedy*, 22 Mich. 117; *Dennis v. Huyck*, 48 Id. 620.

The judgment must be reversed, with costs of this Court, and a new trial granted.

The other Justices concurred.