BEEBE *v.* CULLINANE.

1. DAMAGES—BREACH OF CONTRACT—MITIGATION—DUTY TO DIMIN-
ISH DAMAGES.
  In case of a breach of contract, the injured party must make
  every reasonable effort within his power to diminish the
  damages suffered.

2. SAME—SALES—DUTY OF SELLER ON BREACH OF CONTRACT.
  Where plaintiff sold potatoes to be delivered in the fall, and
  defendant failed to accept them at that time, it was
  plaintiff's duty, in digging and pitting them, to protect
  them against the winter weather when it became apparent
  that they would not be shipped that fall, and if he failed
  to do so he could not recover, in an action for breach of
  the contract, even if defendant was in fault in failing to
  accept delivery according to contract.

3. TRIAL—INSTRUCTIONS—EVIDENCE—QUESTION FOR JURY.
  Failure of the trial judge to properly instruct the jury as to
  plaintiff's duty in protecting the potatoes from frost, as
  requested by defendant, which, under the evidence, was
  a question of fact for the jury, *held*, reversible error.

Error to Cass; Des Voignes (L. Burget), J.
Submitted January 12, 1921.    (Docket No. 111.)
Decided March 30, 1921.

Assumpsit by Albert E. Beebe against Michael M.
Cullinane for breach of a contract for the sale of
certain potatoes. Judgment for plaintiff. Defendant
brings error. Reversed.

*James H. Kinnane* and *Thomas J. Cavanaugh*, for
appellant.

*Hendryx & Mosier*, for appellee.

BIRD, J. On July 18, 1917, the parties hereto
entered into the following written contract:

"This memorandum of contract made and entered into this 18th day of July, 1917, between A. E. Beebe & Sons, of Mendon, Michigan, copartners, parties of the first part, and Michael M. Cullinane, of the city of Dowagiac, Michigan, party of the second part, witnesseth as follows:

"That the said parties of the first part have sold to said party of the second part and said party of the second part has purchased of said parties of the first part, 4,000 bushels of potatoes of this fall's crop *to be delivered by said first parties to said second party in due and seasonable time upon his order and direction in freight cars on the railroad track at Mendon.*

"Said potatoes so purchased shall first be run over a regulation grader of 1¾ screen mesh by said first parties and all potatoes eliminated thereby to be rejected from this purchase.

"Said party of the second part is to pay said parties of the first part for such potatoes so purchased at the rate of 75 cents per bushel.

"Either party to this agreement as preliminary to its execution may require the other to put up a deposit with some competent stakeholder a guaranty fund of $1,000 and upon such demand both parties shall make the deposit and the respective funds so deposited shall be a source for the satisfaction of any judgment for damages by either party for a breach of this contract.

"Witness the hands of the parties in duplicate, the date and year first above written.

> "M. M. CULLINANE,
> "A. E. BEEBE & SONS,
>   Per A. E. B."

In the month of October, the month in which potatoes are usually harvested, the ground was so wet that plaintiff could not dig the potatoes. The rainfall in that month was about 6.30 inches, as shown by the proofs. The latter part of the month the weather cleared up and plaintiff finished digging the potatoes on November 6th. He at once notified defendant of the fact and defendant requested him to order some cars at the station at Mendon. Plaintiff complied with this request, but no refrigerator cars were

obtainable. Two ordinary freight cars were obtained about the 20th of November and soon thereafter one car was shipped. Later, on December 20th, another car went forward. The weather at this time had become so cold that no further attempt was made to ship the balance of them. This left a balance of 1,700 bushels in plaintiff's hands. When dug they were placed in piles in the field and later were covered with straw and dirt, but they were not covered sufficiently to prevent them from freezing in the cold weather, and upwards of 1,000 bushels were wholly lost. Plaintiff called upon defendant in the spring to take them. Defendant went and examined them and found them so badly frozen and decayed that he refused to take any of them. This suit was brought by plaintiff to recover damages by reason of defendant's failure to accept the potatoes in accordance with the terms of the contract. A trial resulted in a judgment for plaintiff in the sum of $899.40.

Defendant has assigned several errors on the conduct of the trial. We have examined them and are of the opinion that the serious question raised by them was the refusal of the trial court to give the following request suggested by defendant's counsel:

"Even if the defendant was negligent by reason of which he did not take and ship the potatoes in the fall of 1917, this does not mean that he could be held for damages in this case as it became and was the duty of the plaintiff in digging and pitting the potatoes to properly protect them from frost so that he would be able to tender and deliver to the defendant the kind of potatoes contracted for free from frost, and when he found that winter was approaching it became and was his duty to further cover them so that they would withstand the freezing, and if he failed to do so he cannot recover in this case."

Upon this phase of the case the trial court instructed the jury that:

"If you find that the contract in question, together with the construction placed upon it by the parties, contemplates and shows that when it was executed it was intended by both parties that the potatoes were to be delivered that fall, then it was not necessary for the plaintiff, upon the digging of the potatoes in question, to put them in pits and cover them so they would not freeze during the winter. Plaintiff's duty, therefore, in such an instance, was to protect the potatoes against ordinary weather of that time of the year and until they shall be delivered in due and seasonable time."

This was proper as far as it went, but the court should have gone further and instructed the jury that it was the duty of plaintiff to use reasonable care and diligence to protect the potatoes from freezing and damage during the winter, and if he failed to do this the loss would be his own. Of course, in the fall, plaintiff was bound to take such reasonable care to protect them as is usual at that season of the year, but as the days went by and it got into December and defendant did not take them and it became apparent to plaintiff that defendant could not ship them in the ordinary box cars without great hazard, it was plaintiff's added duty to still further protect the potatoes against damage and frost, and if he failed in that duty he must bear the loss himself. A statement of the general rule is that:

"It is a fundamental rule that one who is injured in his person or property by the wrongful or negligent acts of another, whether as the result of a tort or of a breach of contract, is bound to exercise reasonable care and diligence to avoid loss or to minimize the resulting damage, and that to the extent that his damages are the result of his active and unreasonable enhancement thereof, or are due to his failure to exercise such reasonable care and diligence, he cannot recover." 8 R. C. L. p. 422, and cases.

"It is a well-established rule of law that in case of a

breach of contract the injured party must make every reasonable effort within his power to diminish the damages suffered." *Sauer* v. *Construction Co.,* 179 Mich. 629.

"The doctrine is well settled that, when there has been a breach of contract the injured party must do all in his power to diminish the damages suffered, or which he may suffer. If he has an opportunity to protect himself from loss and does not do so, he cannot be heard therefor to complain. 13 Cyc. p. 72; *Chandler* v. *Allison,* 10 Mich. 460; *Hopkins* v. *Sanford,* 41 Mich. 243; *Dennis* v. *Huyck,* 48 Mich. 620 (42 Am. Rep. 479); *Talley* v. *Courter,* 93 Mich. 473; *Tradesman Co.* v. *Manufacturing Co.,* 147 Mich. 702." *Harrington-Wiard Co.* v. *Manufacturing Co.,* 166 Mich. 290.

The failure of the court to recognize that it was the duty of plaintiff to protect the potatoes against winter, as well as against fall weather, if defendant were to be charged with damages, and his failure to so instruct the jury, affected the vital part of the case. If the jury had been instructed to this effect, and further that this rule would obtain whether defendant was in fault or not in failing to accept delivery of the potatoes in the fall, the result might have been different. The question was one for the jury. It was for them to determine whether plaintiff used reasonable care and diligence to protect the potatoes against the frost of winter. If he did he would be entitled to recover if they further found that defendant was in fault in not accepting them when tendered. If plaintiff did not use the care required by the rule then he must suffer the loss himself.

So far as the other issues were concerned they appear to have been fairly tried and without error except as they may have been affected by the question we have discussed.

For the error indicated the judgment must be

reversed and a new trial ordered. Defendant will recover his costs of this court.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.