GOLDSMITH *v.* STIGLITZ.

**1. SALES—UNIFORM SALES ACT.**

Some of the rules laid down in some of the earlier cases have been modified by the uniform sales act (3 Comp. Laws 1915, § 11832 *et seq.*).[1]

**2. FRAUDS, STATUTE OF—MEMORANDUM OF AGREEMENT—SUFFICIENCY —AGENT AUTHORIZED TO SIGN.**

A written memorandum for the sale of a certain quantity of rice, signed by the buyer and by an agent of the seller, was sufficient under the statute of frauds; the signing by an agent being expressly authorized by the statute (3 Comp. Laws 1915, § 11835).[2]

**3. SALES—MUTUALITY.**

Where a memorandum agreement for the sale of goods was complete in itself and constituted a binding contract between the parties, a so-called confirmation, differing in terms from the memorandum, which was not accepted by the buyer, had no effect to change the status of the parties; it being but an unaccepted offer.[3]

**4. SAME—TENDER—EVIDENCE—WAIVER—QUESTION FOR JURY.**

Whether defendant, by his conduct and correspondence in which he notified plaintiff that he would be unable to accept the rice ordered, waived a tender thereof, *held,* a question which should have been submitted to the jury.[4]

**5. DAMAGES—BREACH OF CONTRACT—DUTY TO MINIMIZE LOSS.**

In case of a breach of contract the injured party is bound to minimize his loss.[5]

**6. SALES—DAMAGES—QUESTION FOR JURY.**

In view of plaintiff's duty to minimize his loss, where he held the rice from the 10th to the last of the month in the face of a falling market of which he had knowledge, the question of his damages was one for the jury; the trial court being in error in directing a verdict based on the price on the last day of the month which was also the last day of the contract.[6]

[1]Sales, 35 Cyc. p. 41; [2]Frauds, St. of, 27 C. J. § 364; [3]Sales, 35 Cyc. p. 125; [4]Id., 35 Cyc. pp. 584, 600; [5]Damages, 17 C. J. § 99; [6]Sales, 35 Cyc. p. 600.

Error to Wayne; Goff (John H.), J. Submitted June 5, 1924. (Docket No. 34.) Decided October 6, 1924.

Assumpsit by Ralph Goldsmith, doing business as Ralph Goldsmith Company, against Jacob Stiglitz, doing business as Stiglitz Grocer Company, for breach of a contract of sale. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Harold M. Shapero* (*Butzel, O'Brien, Levin & Winston,* of counsel), for appellant.

*Warren, Cady, Hill & Hamblen* (*Charles C. Andrews,* of counsel), for appellee.

Plaintiff is a wholesale dealer in rice and is located at New Orleans. Defendant is a wholesale dealer in groceries and is located at Detroit. Plaintiff had an agent at Detroit named Fansler. On July 2, 1920, plaintiff was in Detroit and accompanied by his agent called on the trade, including defendant. After some negotiations defendant decided to purchase 100 pockets of Fancy Honduras rice at 12 cents per pound and 400 pockets of Fancy Blue Rose rice at 10 cents per pound. A pocket is a sack of 100 pounds. The Honduras rice was to be shipped in August or September and the Blue Rose rice in October. A memorandum was signed by defendant and also by Mr. Fansler. On July 10th plaintiff sent to defendant a so-called confirmation which differed in terms from the memorandum of the 2d. No acknowledgment of its receipt was made by defendant. August 23d defendant wrote plaintiff asking cancellation of the order, saying he had just received a car load of rice and that he had been "caught in the sugar rapids."

Plaintiff promptly declined to accept the cancellation. The Honduras rice matures earlier than the other variety, and on September 8th it was shipped.     On September 21st defendant again wrote plaintiff with reference to the cancellation of the order, stated that he was "caught loaded with sugar," upon which he had lost "several thousand dollars," that he owed a number of bills which must be paid in the next two or three months and could not take care of the obligation for the Honduras rice "until after the first of the year."     Plaintiff replied, insisting on payment for the Honduras rice and the performance of the contract, saying that unless it was done "we will be forced to sell this rice for your account and sue you for any loss we sustain."     Plaintiff was obliged to send a representative to Detroit before an adjustment could be obtained for the 100 pockets of Honduras rice.     The Blue Rose rice was sold and this action is brought to recover for the loss sustained.     The trial judge at the close of the case directed a verdict for plaintiff.

FELLOWS, J. (*after stating the facts*).     We shall not attempt an analysis of the cases cited by counsel; they have all been examined, but to consider and distinguish them all would render this opinion unnecessarily prolix.     We should note, however, that some of the rules laid down in some of the earlier cases have been modified by the "uniform sales act" (3 Comp. Laws 1915, § 11832 *et seq.*).

1. It is insisted that the statute of frauds has not been complied with.     The sufficiency of the substance of the memorandum of July 2d is not questioned, nor can it be; it was admitted that it was signed by the defendant; it was signed by the agent of the plaintiff. By the express terms of the statute the signing by an agent is authorized.     3 Comp. Laws 1915, § 11835;

228—Mich.—17.

*Bay State Milling Co.* v. *Saginaw Baking Co.*, 225 Mich. 557. Both parties were bound by this contract and there was no want of mutuality.

2. It is insisted that inasmuch as the so-called confirmation or acceptance of July 10th differed in terms from the memorandum of July 2d there was no binding contract between the parties. If the memorandum of July 2d had only been signed by defendant and had been but an order, a different question would be presented, and there would be much of merit in the contention of defendant's counsel; but, as we have pointed out, the memorandum of July 2d was a valid, binding contract between the parties. The so-called confirmation or acceptance was but an offer to change the terms of the agreement and was not accepted by defendant. See *Shepherd Hardwood Products Co.* v. *Gorham Bros. Co.*, 225 Mich. 457.

3. It is insisted that there was no tender of performance on the part of the plaintiff so as to place defendant in default. We have quoted but a few excerpts from the correspondence which passed between the parties. Taking it as a whole in connection with the other evidence in the case we do not think it so clear that we may say, as a matter of law, that defendant had waived a tender, that a tender was excused. We think a jury would be justified in finding that it would have been but an idle ceremony to make a tender, that it had been waived by the letters and the conduct of the defendant. The trial judge should have submitted this question to the jury.

4. The plaintiff was bound to minimize his loss. This is settled law. We have noted the fact the Blue Rose rice matures later than Honduras rice. There is no evidence in the case that there was a market for "futures" but plaintiff's testimony shows that the rice was within his control October 10th and that the market price was then about 8 cents and the market was falling. He sold the rice later in the

month for 6½ cents and this was the price on the last day of the month which was the last day of the contract. The trial judge, accepting this figure, directed a verdict for $1,400 and interest. In this he was in error. The market was falling and this fact was well known to plaintiff. It was his duty to do what he could to save the loss. *Beebe* v. *Cullinane*, 214 Mich. 37. Under the testimony the question of the amount of damages plaintiff was entitled to recover was for the jury.

We have examined the other assignments of error but they do not merit discussion.

For the errors pointed out the case must be reversed and a new trial granted. Defendant will recover costs of this court.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE,, STEERE, and WIEST, JJ., concurred.