FREEMAN v. HOAG.

1. APPEAL AND ERROR—REQUESTS TO CHARGE—DIRECTED VERDICT.
Where the testimony was in dispute, the trial court was not in error in refusing requests to charge which amounted to a directed verdict.

2. CONTRACTS—RELEASE—CONSIDERATION—SUFFICIENCY.
The promise of plaintiff to release defendant from his obligation on a contract to pay plaintiff part of the proceeds of a note made by third parties to defendant if he would

indorse another note of the makers for $1,000, thus releasing security in which plaintiff had an interest, *held*, supported by a sufficient consideration.

3. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—ADMISSIBILITY.

Where plaintiff's motion for a new trial on the ground of newly-discovered evidence was supported by an affidavit that, after the date of the alleged agreement releasing defendant from his obligation to pay plaintiff, defendant stated to affiant that he wanted to borrow money to pay up plaintiff, *held*, that the trial court was in error in concluding that such testimony was inadmissible as tending to show a compromise, since affiant apparently had no knowledge of such effort, if any was being made, and that under the facts of this case a new trial should have been granted.

Error to Washtenaw; Sample (George W.), J. Submitted October 14, 1919. (Docket No. 39.) Decided December 22, 1919.

Case by Amariah F. Freeman against Egbert G. Hoag for a breach of a contract for the division of the proceeds of a promissory note. Judgment for defendant. Plaintiff brings error. Reversed.

*A. F. Freeman (Frank B. DeVine*, of counsel), *in pro. per.*

*Cavanaugh & Burke*, for appellee.

Plaintiff brought suit against defendant to recover for an alleged breach of a written contract bearing date October 12, 1914. After reciting that Homer C. Millen and May Millen had executed a note in the sum of $3,000 dated September 23, 1914, payable on or before April 1, 1915, to defendant Hoag, the contract provided:

"That from the moneys realized or paid in on said $3,000-note to the amount of $1,737.34 the same shall first belong and be payable to said Hoag for that amount.

"That all sums realized and paid in on said $3,000-note when paid in full, over and above said $1,737.34, shall belong to and be divided equally or share and share alike, between said Hoag and said Freeman, and that said Freeman's ownership in said note and chattel mortgage, notwithstanding same is in the name of said Hoag, shall be in that proportion and in that amount as it may figure when the whole amount payable is paid, but that if any less sum is paid than the whole of such note through a proposed compromise or settlement at a lesser amount, then such shall first have the approval of said Freeman; but that if full payment is not realized or paid and no compromise amount is then effected as payment and it shall become necessary to realize on such note to force collection and foreclose said chattel mortgage and to realize further or attempt to from the decree or the results of said chancery suit, or in these securities, and a lesser amount results and is realized than the full amount of such note, said Freeman shall be entitled to all amounts over and above the said $1,737.34 to the extent of $600 at least, or so much thereof as may be realized, and all above $2,337.34, share and share alike as aforesaid."

The declaration in effect alleges full payment of said note by the Millens to defendant and the refusal of said defendant to account to plaintiff for his share thereof under the terms of the contract.

Under the plea of the general issue defendant does not deny the execution of the contract relied upon by plaintiff but alleges that defendant's liability thereunder has been fully paid and cancelled under the following circumstances:

"The said Millens named in said declaration and the said plaintiff desired to procure a loan from the bank of one thousand dollars, for the purpose of paying an indebtedness of the said Millen; that said plaintiff, Amariah F. Freeman, was interested financially in the payment of said indebtedness; that the said Millens and the said plaintiff, in order to obtain the loan of said one thousand dollars, found it necessary to obtain the signature of this defendant to a promis-

sory note given to said bank as security for said loan, that the said plaintiff, the said Amariah F. Freeman, came to this defendant and promised and agreed to and with this defendant that if he, the said defendant, would sign said note and thus enable the said Millens to procure a loan thereon from the bank of one thousand dollars, that in consideration of the defendant's so doing, he, the said plaintiff, the said Amariah F. Freeman, would release and discharge this defendant from any and all liability whatever resulting to this defendant under and by virtue of said writing, Exhibit A, attached to the declaration herein; that in consideration of the said promise and agreement of the said Freeman and for said consideration, this defendant signed said note to said bank and became liable to pay the same and remained liable thereon until said note was afterwards paid."

Upon the issue thus framed the parties went to trial. After a full hearing upon the merits, the court charged the jury that the plaintiff was entitled under the proofs to recover from defendant the sum of $1,-013.83 as his share under the contract, unless,—

"the defendant rebuts such cause and establishes by a preponderance of the evidence such a valid contract based upon a lawful consideration that plaintiff, Freeman, has given up and transferred his claim to the defendant, Hoag. And defendant, Hoag, has the burden of proof upon him to establish such a transfer by plaintiff, Freeman, to defendant, Hoag, and defendant, Hoag, must also satisfy you that Freeman has done that by the preponderance of the evidence."

The jury returned a verdict in favor of the defendant. Thereafter a motion for a new trial was made upon the following grounds:

1. Because of newly-discovered evidence.

2. Because of unwarranted and prejudicial conduct of counsel for defendant.

3. Because of the alleged erroneous refusal to instruct as requested.

4. Because the verdict was against the weight of the evidence.

The learned circuit judge who heard the case seems to have reached the conclusion under an opinion dated February 7, 1919, that a new trial should be granted upon the ground of newly-discovered evidence. We find, however, that by a later decision dated and filed February 24, 1919, a new trial was denied. Plaintiff now reviews a judgment of no cause of action in this court.

BROOKE, J. (*after stating the facts*). The first three assignments of error are based upon the alleged erroneous refusal of the court to give plaintiff's requests to charge as presented. An examination of those requests will show that they amounted to requests for a directed verdict in favor of the plaintiff. We are of opinion that they were properly refused. It would seem that if defendant, Hoag, indorsed the $1,000-note of the Millens at the request of the plaintiff, who was interested in securing the money with which to settle with Sawyer, thus releasing stock held by Sawyer, a part of which went to plaintiff under a promise of plaintiff to release defendant from his obligations under the contract sued upon, a sufficient consideration would be made to appear.

Whether such an agreement was made was, in our opinion, a question of fact for the jury under proper instructions and, assuming it to have been such a question, we do not understand the instructions of the trial court are criticized by plaintiff's counsel.

The remaining important assignments of error refer to the denial of the motion for a new trial. Bearing upon the question of newly-discovered evidence, plaintiff introduced the affidavit of one Tallmadge to the effect that on or about September 13, 1918, defendant, Hoag, desired to make a loan; that in the course of negotiations,—

"he stated to this deponent that he wanted moneys to

pay to some other party, his partner as he expressed it, whose name he did not state, but who lived at Ann Arbor, who had certain interests and ownership in the said chattel mortgage and the said stock certificates so hypothecated as aforesaid, and that he wanted the said moneys of three hundred dollars ($300) to pay off or buy off his partner or such other party thus interested jointly with him and so that he and the said Millen could deal with each other as they desired, for the said other party, his partner, at Ann Arbor, was vigorously insisting him, said Hoag, that said Hoag must proceed with the foreclosure under the said chattel mortgage and the said stock certificate and make collection of the debt that said Hoag and the other party, his partner, had jointly against the said Millens as aforesaid, and that he desired to obtain the three hundred dollars ($300) to buy him off or pay him off as aforesaid, so that he would not have to crowd the Millens which he did not want to do at that time for some reason which he did not state."

In his first decision upon the motion the court held:

"I find that the newly-discovered evidence in this case, as set forth in the motion and affidavit, meets the requirements for a new trial as laid down by the courts. It is therefore ordered that a new trial be granted in the above-entitled cause."

After striking this decision from the files he dealt with the question as follows:

"The only remaining ground upon which plaintiff bases his motion for a new trial is that of newly-discovered evidence. I think this position is also untenable. The plaintiff attempted during the trial of the cause to introduce evidence showing that defendant offered to pay him $300 for full discharge of the claim of more than $1,000 involved in the suit. The testimony was rejected because it was an offer on the part of the defendant to compromise. The newly-discovered evidence which plaintiff wishes to introduce, is of one Tallmadge, and, in substance, that defendant in borrowing $300, said that it was to pay to a certain party. I regard the proposed testimony as testimony tending to show further that the defendant was se-

curing money, if to pay the plaintiff at all, was to pay him as a compromise."

The significance of the alleged newly-discovered evidence, if introduced, is that it would or might convince the jury that defendant, Hoag, would not be borrowing money in September, 1918, to buy out plaintiff's interest if said interest had been extinguished by agreement at the time the $1,000 Millens' promissory note was indorsed by defendant. We are of opinion that the court was in error in concluding that such evidence would have been inadmissible as tending to show a compromise between plaintiff and defendant. The witness, if examined, would apparently have no knowledge of such an effort, if any, being made on the part of defendant.

Touching upon the ground alleged in the motion for new trial that the verdict was against the great weight of the evidence, plaintiff points out that the $1,000-note indorsed by defendant bore date July 1, 1916, and that in open court in a case wherein Homer C. and May Millen were plaintiffs and defendant, Hoag, was defendant in August, 1918, more than two years after his alleged release from obligation under the contract, defendant testified:

"*Q.* You were to put up the attorney fee?
"*A.* I was to look after certain investigations he was to make    *    *    *    we had to have the thing gone into pretty thoroughly and, of course, provide for him.
"*Q.* Did you advance money upon that?
"*A.* I have not advanced it, I expect I will have to.
"*Q.* Do you know how much that will amount to?
"*A.* I suppose around $700, something like that.
"*Q.* With whom did you agree to take care of that?
"*A.* Mr. A. F. Freeman.
"*Q.* You agreed to pay him $700 for that?
"*A.* We have not determined upon the amount, because if it were successful it would be a little more and if not it would be a little less. Mr. Freeman was taken into the case at my suggestion,    *    *    *    Well,

it figures like this: we will say the first mortgage was for $1,400 (really $1,237.34), and we will say that I gave them $500 in money  *  *  *  I was' to take care of Mr. Freeman's account which was something we couldn't exactly arrive at until we got to the end.

"*Q.* Do you know what those amounts figure up at?

"*A.* I couldn't tell you until I settle with Mr. Freeman."

While this evidence may not be conclusive against defendant's present contention, it would appear to be significant, and, in a case where a fact is asserted by one and denied by one other, no other witnesses to the transaction being obtainable, we are impressed that its significance may be accentuated. Upon a careful perusal of the whole record we are disposed to the view that the conclusion first reached by the learned trial judge that a new trial should be ordered was correct.

The assignments of error based upon alleged improper conduct of counsel are not considered. Upon another trial no occasion for complaint on this score should be permitted to arise.

The judgment is reversed and a new trial ordered, with costs.

BIRD, C. J., and SHARPE, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.