FREEMAN *v.* HOAG.

1. NEW TRIAL—EVIDENCE—GREAT WEIGHT OF EVIDENCE.

Where there was abundant evidence to sustain the verdict, the trial judge properly denied a motion for a new trial on the ground that the verdict was against the great weight of the evidence.

2. APPEAL AND ERROR—ARGUMENT OF COUNSEL—FAILURE TO OBJECT —REVIEW.

Where there is nothing in the record to show that objection was made to argument of counsel in the court below, or that a ruling thereon was either desired or requested, the question will not be considered by the Supreme Court, on error.

3. SAME—TRIAL—ARGUMENT OF COUNSEL—CURING ERROR.

Severe criticism of plaintiff's counsel by defendant's counsel, in his argument, showing impatience because of repeated interruptions, *held*, not prejudicial error, where it cannot be said that the argument was prejudicial, and especially where the trial judge directed the jury to disregard it.

4. TRIAL — INSTRUCTIONS — REQUESTED INSTRUCTIONS—CHARGE AS WHOLE.

Where the charge as a whole fairly submitted the issues to the jury, the trial judge was not in error in refusing requested instructions.

Error to Washtenaw; Sample (George W.), J. Submitted January 18, 1922. (Docket No. 91.) Decided March 30, 1922.

Case by Amariah F. Freeman against Egbert G. Hoag for breach of a contract for the division of the proceeds of a promissory note. Judgment for defendant. Plaintiff brings error. Affirmed.

'A. F. Freeman (Frank B. De Vine, of counsel), in .
pro. per.

Cavanaugh & Burke and Arthur Brown, for appellee.

CLARK, J.    The facts are stated in Freeman v.
Hoag, 208 Mich. 244.    There was judgment for defendant on a verdict of no cause of action.    Plaintiff
brings error.

1. It is said that it was error to deny a motion for
a new trial on the ground that the verdict is against
the great weight of the evidence.    We agree with the
trial court.    There is abundant evidence to sustain the
verdict.

2. It is urged in plaintiff's main brief that the
argument to the jury of defendant's counsel, Mr.
Burke, was prejudicial.    We find in the record no
objection to the argument, nothing to suggest that a
ruling thereon by the court was at the time desired
or requested.    The question therefore will not be considered.    See Bates v. Kitchel, 166 Mich. 695.    In
plaintiff's reply brief, he discusses an argument by
another of defendant's counsel, Mr. Brown, and
claims prejudice thereby.    Defendant's counsel showed
impatience because of repeated interruption by plaintiff's counsel and expressed his opinion respecting the
purpose of such interruption.    He was also somewhat
severe in criticism of plaintiff's testimony.    Probably
the argument was not prejudicial, but out of an
abundance of caution the trial judge directed the jury
to disregard it.    It may not be said to be prejudicial
error.

3. It will profit no one to set forth plaintiff's requests to charge, embracing the facts already stated,
nor to state the instructions given, respecting which
complaint is made.    The charge as a whole fairly submitted the issues to the jury.

We find no merit in the other questions raised.    Two

juries have rendered verdicts for defendant. We have made careful examination of the record and briefs. It does not appear that this trial has resulted in a miscarriage of justice.

Affirmed.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.