GLINIECKI *v.* PERE MARQUETTE RAILWAY CO.

1. APPEAL AND ERROR—DIRECTED VERDICT.

On reviewing a directed verdict against plaintiff in an action for personal injuries, he is entitled to have the evidence in his favor given the most favorable consideration that it will bear.

2. RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

An automobile driver who was struck and injured on a crossing by a locomotive, in the nighttime, was guilty of contributory negligence as matter of law, where the undisputed evidence shows that had he stopped, looked, and listened within a few feet of the track, as he testified he did, he would have heard the train which was then within a few feet of the crossing and moving at a speed not to exceed five miles an hour, the exhaust making a loud noise and the headlight burning brightly, although his view of the track was obstructed by a fence.

[1]Appeal and Error, 4 C. J. § 2709; [2]Railroads, 33 Cyc. pp. 1117, 1118; 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702; 2 R. C. L. 1206; 1 R. C. L. Supp. 742; 4 R. C. L. Supp. 158; 6 R. C. L. Supp. 138.

3. SAME—OBSTRUCTING VIEW OF TRACK NOT GROSS NEGLIGENCE.
    Although the maintenance of a fence by a railroad company so close to its track as to obstruct the view of one traveling over a crossing might create such a dangerous condition as to require it to maintain a flagman and to use a greater degree of care in managing its trains so as not to injure the public, and would have an important bearing on the question of its negligence in case of injury to a traveler, it does not constitute gross negligence.

Error to Bay; Houghton (Samuel G.), J.    Submitted February 3, 1927.    (Docket No. 57.)    Decided April 1, 1927.

Case by Peter Gliniecki against the Pere Marquette · Railway Company for personal injuries.    Judgment for defendant on a directed verdict.    Plaintiff brings error.    Affirmed.

*Kinnane & Leibrand,* for appellant.

*W. K. Williams* and *John C. Shields* (*Edward S. Clark* and *W. B. Henry,* of counsel), for appellee.

McDONALD, J.    This suit was brought to recover damages for personal injuries received in a collision between the plaintiff's automobile and one of the defendant's freight trains at the Michigan avenue crossing in Bay City, Michigan.    Michigan avenue is a paved street 24 feet wide running north and south. The defendant's main line also runs north and south and parallel with Michigan avenue.    What is termed a "belt line," used for freight trains, runs from the main track in an easterly direction across Michigan avenue to the yards.    It was at this crossing that the plaintiff was injured.    He was going south on Michigan avenue about 1 o'clock in the morning.    The train with which he collided was coming from the west.

_____

³Railroads, 33 Cyc. p. 935.

His view of the track in that direction was obstructed by a board fence near the west side of Michigan avenue, and about 6 feet from the north rail of the track.  The fence was 8 or 10 feet high.  The plaintiff says that because of this obstruction one approaching the crossing from the direction in which he was coming had no view of a train coming from the west until he had reached a point 4 or 5 feet from the track.  He says that he stopped his automobile as close to the track as he could, looked and listened for trains; that he heard and saw none, and proceeded on his way; that he had gone but a few feet when the train hit him.  He says that he did everything reasonably possible for his own safety, but that the defendant was negligent in maintaining a fence that obstructed a view of trains approaching from the west, and in failing to ring its bell, blow its whistle or give other warning that the train was approaching the crossing.  The defendant denied that it was negligent, and contended that the sole proximate cause of the accident was the negligence of the plaintiff. The trial court directed a verdict for the defendant on the ground that the plaintiff was guilty of contributory negligence.  Judgment was entered on the verdict.  The plaintiff has brought error.

The first question which the record presents is whether the plaintiff was guilty of contributory negligence.  It is undisputed that at the time of the accident the train was approaching the crossing at a speed not to exceed 5 miles an hour.  It was made up of 64 cars heavily loaded with freight; the exhaust from the engine was making a loud noise; the headlight on the locomotive was burning brightly and would light the track a distance of 1,500 or 1,700 feet ahead and 15 or 20 feet on either side.  At the place where the plaintiff says he stopped to make his observations his view in the direction from which

the train was coming was obstructed by the board fence.   At least, we must assume that it was, because, in considering the question of a directed verdict against him, he is entitled to the most favorable construction that the testimony will bear.   He says that at the point where he stopped to make his observations he could not see around the curve of the track on which the train was coming; and he could not stop nearer the track without leaving the front of his automobile extending over the rails.   The engineer testified that the plaintiff would have had to be within four or five feet of the track in order to see the train coming.   So we must assume that the plaintiff did not have an unobstructed view of the track to the west at the point where he stopped, and that he could not have driven his car to a place where he would have a view without leaving the front part of it extending onto the track.   We must also assume that the bell on the locomotive was not ringing and that the whistle was not blown.   But this situation did not prevent him from hearing the rumble of the train and the loud exhaust of the engine as it slowly labored along with its heavy load, or from seeing the bright headlight.   He says that, at the point where he stopped, the front of his automobile was within two or three feet of the track; that he stopped for only an instant, and that immediately when he started forward the engine hit the front of his car.   If those are the facts, it follows that the locomotive must have been right by the crossing when he stopped to look and listen.   It was there puffing and exhausting and throwing the powerful rays from its headlight across the street.   Though his vision and hearing were normal, the plaintiff did not hear or see it.   He was familiar with the crossing and knew that a train might come along at that hour.   It was there close by the crossing.   Only one conclusion is possible.

Had he looked or listened with ordinary care he must have seen or heard it. In view of the admitted physical facts, his testimony that he did look and listen does not raise an issue for the jury on the question of his negligence. That he was guilty of contributory negligence appears from the undisputed testimony, and the court was not wrong in directing a verdict against him on that ground, unless, as his counsel claim, the defendant was guilty of gross negligence.

It is contended that it was gross negligence for the defendant to permit this fence to be maintained on its right of way so close to its tracks as to obstruct the view of one traveling over the crossing. The existence of the fence at that point might create such a dangerous condition at the crossing as to require the defendant to provide a flagman and to use a greater degree of care in managing its trains so as not to injure the public. It would have an important bearing on the question of the defendant's negligence, but we know of no reason for holding that it would constitute gross negligence. The cases cited by counsel for the plaintiff are not applicable; and we are not persuaded by their argument. We think that the contention has not sufficient merit to require a more extended discussion.

The judgment of the circuit court is affirmed, with costs to the defendant.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.