## TALIAFERRO v. PERE MARQUETTE RAILWAY CO.

1. TRIAL—ON DEFENDANT'S MOTION FOR DIRECTED VERDICT TESTIMONY CONSIDERED MOST STRONGLY FOR PLAINTIFF.

   On motion to direct verdict for defendant, testimony must be considered most strongly in plaintiff's favor.

2. RAILROADS—CROSSING ACCIDENT—SURVIVAL ACT—PREPONDERANCE OF EVIDENCE.

   In action under survival act against railroad company for alleged negligent killing of plaintiff's decedent in accident at crossing, verdict in favor of defendant *held*, proper under overwhelming preponderance of evidence.

3. APPEAL AND ERROR—BILL OF EXCEPTIONS AS APPROVED WILL NOT BE REVISED BY SUPREME COURT.

   · Supreme Court will not revise bill of exceptions as approved by counsel and trial judge.

4. SAME—ARGUMENT OF COUNSEL—HARMLESS ERROR.

   Statement by defendant's counsel, in his argument to jury, as to method of trial, *held*, not prejudicial, although it would have been better had counsel confined his remarks to facts and law as applied thereto.

5. SAME—RAILROADS—CROSSING ACCIDENT—ARGUMENT OF COUNSEL.

   Statement by defendant's counsel, in his argument to jury, that, in every action against railroad company for damages arising out of accident at railroad crossing, stock allegations are that whistle did not blow, that bell did not ring, and, if it was night, that lights were not lighted, *held*, improper.

6. SAME—CASE NOT REVERSED BECAUSE OF IMPROPER ARGUMENT NOT OBJECTED TO.

   Case will not be reversed because of improper argument of counsel, where it was not called to trial court's attention, unless statement is so extremely prejudicial that even correction by court would not undo harm done thereby.

7. RAILROADS—TRIAL—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

   In action against railroad company for alleged negligent killing of plaintiff's decedent in crossing accident, where it was in

---

On care required of driver of automobile at railroad crossing, see annotation in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702.

Failure to stop, look and listen at railroad crossing as negligence per se, see annotation in 1 A. L. R. 230; 41 A. L. R. 405.

dispute as to whether it was dark or only dusk when accident happened, charge of court that if headlight of locomotive was burning plaintiff could not recover is not open to objection that one act of negligence was stressed and that all acts of negligence alleged should have been submitted, since, if it was not dark, decedent could have seen train and would have been guilty of contributory negligence even if bell had not been rung or whistle sounded.

8. APPEAL AND ERROR—ERROR RELATING TO METHOD OF COMPUTING DAMAGES NOT CONSIDERED WHERE VERDICT OF NO CAUSE OF ACTION RENDERED.

Where jury rendered verdict of no cause of action, it is unnecessary for Supreme Court to consider assignments of error relating to method of computing amount of damages.

Error to Wayne; Perkins (Willis B.), J., presiding. Submitted November 25, 1929. (Docket No. 136, Calendar No. 34,372.) Decided January 24, 1930.

Case by Benjamin C. Taliaferro, special administrator of the estate of Mathew F. Taliaferro, deceased, against Pere Marquette Railway Company for personal injuries resulting in death of plaintiff's decedent. From verdict and judgment for defendant, plaintiff brings error. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for plaintiff.

*W. K. Williams* and *John C. Shields,* for defendant.

BUTZEL, J. Very early in the evening or late in the afternoon of October 30, 1925, plaintiff's decedent was driving an automobile in a northerly direction on Division road, a paved thoroughfare in the village of Springwells, a suburb of Detroit. Defendant's double tracks running in a southeasterly and

northwesterly direction cross the road. There are no obstructions to the full view of the tracks from any part of Division road for a distance of 300 feet south of the crossing, from which direction decedent was coming. Whether it was dark or just becoming dusk is in dispute. There were neither lights nor gates at the crossing. There was a warning signal, consisting of two wooden cross bars with appropriate words, on the side of the street a short distance south of the tracks. One of plaintiff's witnesses testified that he had driven 75 or 100 times with decedent on Division road across the tracks. Decedent was familiar with the neighborhood.

Plaintiff's claim is that on the southerly tracks a freight train approached from the northwest at a moderate rate of speed but without the bell being rung or the whistle being blown; that decedent had brought his car to a stop with the front end thereof on the southerly tracks while waiting for an approaching passenger train to pass; that while thus waiting defendant's freight train came silently across the road and struck decedent's automobile. Decedent was thrown out of his automobile and suffered severe injuries. He was taken to Providence Hospital in Detroit, some distance from the accident. The hospital records show he arrived there at 6:50 p.m. He died two and a half days later at the hospital without ever regaining consciousness. Suit is brought under the survival act (3 Comp. Laws 1915, § 12383 *et seq.*).

Plaintiff in his declaration claims that decedent was free from all negligence, and that defendant's negligence consisted of its failure to blow the whistle, or ring the bell of the locomotive. Defendant claims that it blew a whistle, rang its bell, and that its headlights were burning brightly, and that it did not discover decedent's peril until after the accident.

Plaintiff produced no eyewitnesses to the accident. Mr. and Mrs. John Gampp, who were driving their car in the same direction decedent had been traveling, arrived at the crossing a few moments after the accident occurred. Mr. Gampp testified that, accompanied by his wife, he left the downtown business district of Detroit at 6:00 p.m., and that when he arrived at a distance of from 200 to 250 feet south of the tracks, at the time the freight train crossed the street, it was very dark; that he neither heard the whistle nor bell of the locomotive of the freight train, nor did he see any light from it. He, however, testified that his attention was called to the freight train by the "flash" as it came across the road. He further testified that he did not see decedent's automobile nor its tail light, nor any reflection of its headlights, on account of the darkness. Mr. Gampp further testified that it was two or three minutes after he arrived at the crossing before the passenger train came by.

Mrs. Gampp testified that it was 5:30 p.m. when they left the downtown district; that she saw the flash of light come across the road when they were 300 feet south of the tracks, and that she saw the train all the time after she saw the flash. She testified that she did not hear any bell ring or whistle sound, but in her re-direct examination she admitted that she heard the whistle.

At the conclusion of plaintiff's testimony the trial judge refused to direct a verdict. Defendant thereupon produced the engineer and the head brakeman of the freight train. The latter was sitting in the fireman's seat at the time of the accident. They both testified that it was dusk but not dark. The engineer testified that the lights were burning brightly at the time the train approached Division

road; that the whistle was blown and the bell was rung. He further testified that he saw decedent's automobile coming along the street 50 feet or more south of the tracks. The brakeman corroborated the engineer's testimony in regard to the lights, the sounding of the whistle, and the ringing of the bell.

The physical condition of the engine and automobile would indicate that decedent drove his automobile into the front of the engine, for a cylinder cock, the casing on the cylinder, and a small piece of the footboard were broken off the side of the engine near the front, and the front end of the automobile was crushed back.

The jury brought in a verdict of no cause of action in favor of defendant. Plaintiff appealed from the judgment rendered thereon.

In answer to plaintiff's various assignments of error, defendant claims that a verdict should have been directed in its favor upon the conclusion of plaintiff's testimony, and therefore we should not even consider plaintiff's claims of error. Plaintiff's testimony was far from convincing. However, upon a motion to direct a verdict the testimony must be considered most strongly in plaintiff's favor, and there was just barely enough to submit the case to the jury. The entire record shows by an overwhelming preponderance of evidence that the verdict of the jury was proper.

Plaintiff complains that the record is in error wherein it recites the testimony of the brakeman, who was acting as fireman at the time of the accident. He was asked the following question:

"*Q.* And whether or not the lights were burning brightly at the time the train approached and you went over Division road?"

He answered:

"Yes, it was."

The original transcript of the record prepared by the stenographer used the word "particularly" instead of "brightly." The word appears as "brightly" in the bill of exceptions. Defendant's counsel claim that the stenographer mistook the word "particularly" for "brightly," and at the suggestion of defendant's counsel the record was amended and plaintiff's counsel wrote to defendant's counsel accepting the amendment to the bill of exceptions showing the corrected word. The bill of exceptions as settled and certified to by the trial judge gives the word as "brightly" and not as "particularly." This court will not revise the bill of exceptions as approved by counsel and the trial judge. *Bates* v. *Kitchel,* 166 Mich. 695.

Plaintiff claims that the judge should not have permitted the following remarks to be made by defendant's counsel in his address to the jury:

"*Mr. Shields:* It is the duty of the judge to pass on questions of law, and his honor has done that. If by chance he has made an error the Supreme Court corrects him upon application of the aggrieved party. It is the function of the jury, under their solemn oath, to dispose of the questions of fact presented by the testimony, and if it should so happen that the jury went wrong, bringing in a verdict which is contrary to the greater weight of the evidence, then that verdict must undoubtedly be set aside under the law, on the application of the aggrieved party, and what has been accomplished.

"*Mr. Reilley:* I submit that that is not proper argument.

"*Mr. Shields:* I submit it is.

"*The Court:* Go ahead."

We can find no prejudicial error in this statement, although it would have been better for counsel to have

confined his remarks to the facts and the law as applied to them instead of to the method of trial of the case. *Terrill* v. *Traction Co.*, 214 Mich. 478.

Error is further assigned on account of the following statement made by defendant's counsel in his address to the jury:

"You know from your experience as jurors, as men and women of affairs in life, that every time there is an accident at a railroad crossing, in every one—the whistles did not blow, the bell did not ring, and, if it was at night, the lights were not lighting. In every single case I am in those are the stock allegations."

This statement was improper. Counsel for plaintiff made no objection to it so that it could have been corrected by the trial judge or the jury instructed not to pay any attention to it. Inasmuch as counsel for plaintiff did not in any manner object to the statement at the time it was made, they can not now complain. It has been repeatedly held that, if counsel in their argument make improper statements, the attention of the court should be called to it by counsel on the other side. If they do not do so, they waive their right to objection, unless the statement is so extremely prejudicial that even a correction by the court would not undo the harm. Frequently counsel in the heat of the argument make statements which constitute error, but they can be corrected by the trial judge if his attention is called to them. The opposite party may not permit such statements to go unchallenged and then on account of them seek a reversal of the case in this court. *Freeman* v. *Hoag*, 217 Mich. 587; *Habitz* v. *Railroad Co.*, 170 Mich. 71.

Plaintiff claims further error on account of the charge of the trial judge in that he stressed the fact that if the headlight of the locomotive was burning plaintiff could not recover. Plaintiff claims that all

of the acts of negligence he alleges defendant was guilty of should have been submitted to the jury, and that the court should not have stressed just one act of negligence.

Plaintiff seems to rely upon Justice CHAMPLIN's opinion in the case of *Thomas* v. *Railway Co.*, 86 Mich. 496, only an excerpt from which is given in plaintiff's brief. A careful reading of the entire opinion will show that it is not applicable to the present case. In that case the defendant railway company was sued for running its train at an excessive rate of speed without giving any signals of its approach, etc., all of which together, it was charged, constituted *gross* negligence. Justice CHAMPLIN held that in order to constitute the gross negligence charged, it was necessary to prove that defendant was guilty of all of the acts of negligence charged in the declaration. Justice MORSE, in an additional opinion filed in the same case, held that if all these acts of negligence were not proven, and it would appear that plaintiff had warning of the approach of the train, he could not recover, on account of his contributory negligence. In both opinions the judgment of the lower court against the railway company was reversed and a new trial ordered.

In the present case there is a question of whether it was so dark that plaintiff's decedent could not have seen the train approaching. Only one of plaintiff's witnesses testified that it was that dark. Another testified that she was able to see the train when she was 300 feet distant from it. Defendant's witnesses testified that it was dusk, but not dark, and that they could see for a distance of several hundred feet. If it had not yet become so dark so that decedent could have seen the train, he would have been

guilty of contributory negligence even if the bell had not been rung nor the whistle sounded. If, however, it had become so dark that objects could not be seen from a reasonable distance, if the headlight on the locomotive was lit, plaintiff would be guilty of contributory negligence. He was obliged to look as well as listen. *Miller* v. *Railway Co.,* 234 Mich. 184; *Mills* v. *Waters,* 198 Mich. 637; *Gliniecki* v. *Railway Co.,* 238 Mich. 361; *Kwiotkowski* v. *Railway Co.,* 70 Mich. 549; *Colborne* v. *Railway,* 177 Mich. 139; *Braudy* v. *Railway Co.,* 107 Mich. 100; *Molby* v. *Railway,* 221 Mich. 419. The court's charge was complete as to all other questions at issue.

Plaintiff's other assignments of error refer to the method of computing the amount of damages. Inasmuch as the jury rendered a verdict of no cause of action, it is unnecessary to consider these claims of error.

The judgment is affirmed, with costs to defendant.

WIEST, C. J., and CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.