*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JESSICA AYERS, Personal Representative of the
ESTATE OF TERRY NOVAK,

UNPUBLISHED
May 21, 2026
10:50 AM

Plaintiff-Appellee,

v

No. 371716
Wayne Circuit Court
LC No. 22-001968-NI

NICHOLAS TOTH and FSS TECHNOLOGIES
LLC,

Defendants-Appellants.

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

O'BRIEN, J. (*concurring*).

By the time this case reached closing arguments, the parties had stipulated to defendants' liability, and the only issue was damages. Despite having secured a victory for a client that suffered catastrophic injuries, plaintiff's counsel did not limit his closing argument to properly emphasizing his client's injuries and resulting damages but instead made a series of plainly improper remarks. Unfortunately for defendants, their counsel did not object to plaintiff's counsel's problematic remarks, so no curative instructions were given. In light of how this Court reviews such claims on appeal, I concur in the result reached by the majority.

If a party fails to object to the improper conduct of an attorney in a civil case, the question on appeal is whether a new trial should "be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial." *Reetz v Kinsman Marine Transit Co*, 416 Mich 97, 103; 330 NW2d 638 (1982). If the "prejudice caused" by an attorney's improper conduct "could have been cured by an instruction from the bench," then a new trial should not be ordered. *Id*. at 104-105. See also *Taliaferro v Pere Marquette Ry Co*, 249 Mich 281, 287; 228 NW 778 (1930) ("It has been repeatedly held that, if counsel in their argument make improper statements, the attention of the court should be called to it by counsel on the other side. If they do not do so, they waive their right to objection, unless the statement is so extremely prejudicial that even a correction by the court would not undo the harm.").

As recounted by the majority opinion, because defendants had already stipulated to liability, plaintiff's counsel's bringing to the jury's attention Toth's "fleeing" had no bearing on anything that the jury was tasked with deciding. In my estimation, the only conceivable purpose in counsel's doing so was to appeal to jurors' emotions so that they would punish Toth's poor behavior by awarding plaintiff more damages. This was plainly improper. See *Rafferty v Markovitz*, 461 Mich 265, 270; 602 NW2d 367 (1999). Despite the impropriety of these remarks, I conclude that the resulting prejudice could have been cured by an immediate instruction that the jury could not award putative damages, and that the purpose of compensatory damages was to make the injured party whole.

Next, plaintiff's counsel's remarks (1) attacking defendants for defending themselves in this litigation and (2) criticizing defendants for never apologizing were similarly problematic. Like plaintiff's counsel's remarks about Toth's fleeing, this commentary was wholly unrelated to the only question before the jury—the amount of damages that plaintiff was entitled to receive as compensation for his injuries. Plaintiff's counsel's remarks also, again, improperly encouraged the jury to render a verdict for damages to punish defendants, this time for refusing to accept liability sooner or express contrition for plaintiff's injuries. As with the last improper remarks, however, I conclude that the trial court could have cured the prejudice caused by counsel's remarks by instructing the jury that defendants had a right to defend themselves, that whether defendants ever apologized was irrelevant and should not be considered by the jury, and that the jury could not award putative damages.

Lastly, plaintiff's counsel's comments trying to anchor plaintiff's damages to the annual salaries of professional athletes, celebrities, and CEOs were plainly improper. That the jury awarded plaintiff $10 million less than the anchoring figure cited by plaintiff's counsel is irrelevant and falls for the anchoring effect of plaintiff's improper argument. I nevertheless conclude that plaintiff's counsel's improper remarks do not warrant a new trial because the prejudice caused by the remarks could have been cured by an immediate instruction that the salaries cited by plaintiff's counsel were irrelevant to the damages that plaintiff suffered, and that the jury could only award plaintiff damages based on the evidence presented during trial. I am also not persuaded that the jury was influenced by plaintiff's anchoring argument because, given how severe plaintiff's injuries were, the jury's award of $20 million was reasonably supported by the evidence. Accord *Kujawski v Boyne Mountain Lodge, Inc*, 379 Mich 381, 385; 151 NW2d 794 (1967) (explaining that "no prejudice resulted" from plaintiff's counsel's unsupported statement about how much the defendant earned annually because the jury's award of damages was supported by the "plaintiff's proof of damages").

In the end, plaintiff's counsel's improper remarks were sporadic and delivered over the course of a lengthy closing argument. Given this, and "allow[ing] something for the zeal of counsel" as well as the presumption that counsel did not "intentionally transgress[] the rule[s]," I cannot conclude that the language plaintiff's counsel used "evinces a studied purpose to arouse the prejudice of the jury." *Cluett v Rosenthal*, 100 Mich 193, 200; 58 NW 1009 (1894). See also *Firchau v Foster*, 371 Mich 75, 78-79; 123 NW2d 151 (1963) ("But where language is such as evinces a studied purpose to inflame or prejudice the jury, based upon facts not in the case, this Court has not hesitated to reverse."); *Kern v St Luke's Hosp Ass'n of Saginaw*, 404 Mich 339, 354; 273 NW2d 75 (1978) (same). Further, for the reasons explained, I believe that any prejudice caused by plaintiff's improper remarks could have been readily cured with a timely instruction. It

follows that any prejudice suffered by defendants as a result of plaintiff's counsel's improper remarks was due to defendants' failure to object to the remarks below. See *Taliaferro*, 249 Mich at 287 ("Frequently counsel in the heat of the argument make statements which constitute error, but they can be corrected by the trial judge if his attention is called to them. The opposite party may not permit such statements to go unchallenged and then on account of them seek a reversal of the case [on appeal]."). I accordingly concur in the judgment to affirm, though I hope that plaintiff's counsel will use caution in the future and not risk turning a guaranteed victory for his client into a costly defeat.

/s/ Colleen A. O'Brien